COMMONWEALTH BONDING & CASUALTY INS. CO. v. WRIGHT. (No. 8016.)

(Court of Civil Appeals of Texas. Ft. Worth. Oct. 17, 1914. Rehearing Denied Dec. 5, 1914.)

1. INSURANCE (§ 670*)—ACTIONS ON POLICIES—VERDICT—AMOUNT OF RECOVERY.

Where, in an action on a health and accident insurance policy, the court told the jury that, if they found for plaintiff, they should find for him in a specified amount, with 12 per cent. damages thereon, a verdict for such amount, "with 12 per cent. interest," justified a judgment for 12 per cent. damages, under Vernon's Sayles' Ann. Civ. St. 1914, art. 4746, providing that, where an accident or health and accident insurance company fails to pay a loss within 30 days, it shall be liable, in addition to the amount of the loss, for 12 per cent. damages thereon, together with reasonable attorney's fees; since the use of the word "interest" was evidently inadvertent, and the finding was intended to be responsive to the charge.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1785–1787; Dec. Dig. § 670.*]

2. INSURANCE (§ 665*)—ACTIONS ON POLICIES—DAMAGES—ATTORNEY'S FEES.

In an action on a health and accident insurance policy, evidence held sufficient to support a verdict for $100 as attorney's fees under Vernon's Sayles' Ann. Civ. St. 1914, art. 4746.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1555, 1707–1728; Dec. Dig. § 665.*]

3. INSURANCE (§ 310*)—MISREPRESENTATION—WAIVER—STATUTORY PROVISIONS.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 4948, providing that in suits on insurance policies no defense based upon misrepresentations in the application or in obtaining or securing the contract shall be valid, unless defendant shall show that within a reasonable time after discovering the falsity of the misrepresentations it gave notice to the assured, if living, or, if dead, to the owners or beneficiaries of the contract, that it refused to be bound thereby, provided that 90 days shall be a reasonable time, the notice of refusal to be bound must be given in any event within 90 days; and hence, where such notice was not given within 90 days after

the insurer had notice of the misrepresentations, it could not rely thereon as a defense.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 703, 761, 780, 826, 840, 904; Dec. Dig. § 310.*]

Appeal from Nolan County Court; John H. Cochran, Jr., Judge.

Action by Isham Wright against the Commonwealth Bonding & Casualty Insurance Company. From a judgment for plaintiff, defendant appeals. Affirmed.

F. H. Haddix, of Ft. Worth, and A. B. Yantis, of Sweetwater, for appellant. H. R. Bondies, of Sweetwater, for appellee.

SPEER, J. This is an action by Isham Wright to recover from the Commonwealth Bonding & Casualty Insurance Company upon a policy of accident and health insurance. There was a verdict and judgment for the plaintiff, and the defendant appeals.

[1] The first and second assignments of error are based upon the action of the court in entering judgment for 12 per cent. upon the amount of the recovery under the policy; the contention being that the 12 per cent. is interest under the verdict of the jury, and not damages within article 4746, Vernon's Sayles' Texas Civil Statutes, allowing 12 per cent. damages on the amount of loss under such a policy when the same is not paid within 30 days after demand therefor. It is true the verdict of the jury is for the appellee in "the sum of $225, with 12 per cent. interest," but the verdict must be construed in the light of the charge, which directs the jury, in the event they found for the plaintiff, to find for him "in the sum of $225, with 12 per cent. damages thereon," and, as thus interpreted, it is evident the use of the word "interest" was inadvertent, and the finding was intended to be responsive to the charge.

[2] Neither can we say the evidence does not support the verdict and judgment for $100 as attorney's fees under the article of the statute referred to. The testimony of the attorney who conducted the litigation very clearly is sufficient to support the verdict for attorney's fees in this amount. He testified:

"I have done all the work for the plaintiff in this case, out of court and in court, looking to collection under the policy sued upon. One hundred dollars would not compensate me for my work and labor done and the trouble I have been put to in a professional capacity trying to collect under the policy. The sum named would be a very reasonable fee for the prosecution of this proceeding. The plaintiff has agreed to pay my firm the sum named contingent upon our making collection under the policy. This contingent fee contemplated our giving the matter any and all attention necessary in and out of court in the trial court, and through any appellate court, should an appeal be taken by either party."

[3] The principal question presented on the appeal, however, goes to the merit of appellant's defense, and is based upon the contention that appellee made certain false representations in his application for insurance whereby, under the terms of the policy, the company was absolved from liability. It appears to be true that, as written in the application, the facts were misrepresented, in that it was not disclosed that appellee had previously suffered from an attack of chronic rheumatism, but appellee contends that he made a faithful disclosure in this respect to appellant's agent who took the application, and this agent admits as much, and testified that it was his recollection a proper memorandum was indorsed on the application, but in this he appears to have been mistaken. Without deciding appellant's liability upon this point, however, we find it necessary to hold that it cannot urge the defense relied on in view of article 4948, Vernon's Sayles' Texas Civil Statutes, regulating the writing of insurance in this state. That article provides:

"In all suits brought upon insurance contracts or policies hereafter issued or contracted for in this state, no defense based upon misrepresentations made in the applications for, or in obtaining or securing the said contract, shall be valid, unless the defendant shall show on the trial that, within a reasonable time after discovering the falsity of the misrepresentations so made, it gave notice to the assured, if living, or, if dead, to the owners or beneficiaries of said contract, that it refused to be bound by the contract or policy: Provided, that 90 days shall be a reasonable time."

It is undisputed that appellant had notice of the misrepresentations upon which it relies to avoid the policy in this case more than 90 days before it notified appellee that it refused to be bound on the policy. We construe the article of the statute to mean that the notice of refusal to be bound must be given within a reasonable time, not in any event to exceed 90 days. See Nat. Life Ass'n v. Hagelstein, 156 S. W. 353.

There is no error in the judgment, and it is affirmed.