### Gulf, Colorado & Santa Fe Railway Company
### v. H. B. Scott.

#### No. 916.

**Argument of Counsel.**—In an action against a railway company for damages for negligently burning grass, etc., upon land adjoining its track, on the trial it was reversible error in the court in allowing the counsel for plaintiff in his closing argument to the jury to use the following language: "Gentlemen of the jury, the attorney for the railroad says you should consider this case as though this were a suit against a private citizen.  Gentlemen, I want to show you why you should not do so.  I want to show that a railroad has rights that you don't have.  The railroad can condemn your graveyards and disturb the resting place of your sacred dead.  Can you do that?"

APPEAL from County Court of Coryell County.   Tried below before Hon. S. F. DUFFIE, County Judge.

Scott obtained judgment against the appellant for damages for negligently setting fire to grass, etc., along its line; and the burning of grass, brush, etc., upon seventy-six acres of land.   The suit was brought for $200, and in the Justice Court.   In the County Court, on appeal, judgment was rendered for $100.   The only matters discussed in the opinion are set out therein.

*J. W. Terry* and *Charles K. Lee,* for appellant.—Where counsel in the argument of a case goes outside of the record and indulges in remarks calculated to inflame the minds of the jury, and to get before them irrelevant and incompetent matter which under the rules of evidence would not be admissible, and where, judging by the size of the verdict and the evidence to support it, such remarks may have been prejudicial, the judgment will be reversed.   Railway v. Cooper, 70 Texas, 67; Railway v. Jarrell, 60 Texas, 267; Willis v. McNeill, 57 Texas, 473; Railway v. Jones, 73 Texas, 232.

*T. C. Taylor,* for appellee.

KEY, ASSOCIATE JUSTICE.—Appellee brought this suit to recover damages caused by a fire burning certain grass, etc., and charged to

have been caused by appellant. The fire originated off the right of way, and several witnesses testified for appellant, that the engine from which the sparks which started the fire escaped was properly equipped with appliances to prevent the escape of fire; that said appliances were in good repair, etc.

For the plaintiff, one witness testified, that at the time in question he was a section foreman on the railroad; that he saw the engine, and that its screen was off and the engine was not in good repair. This witness stated that he had been discharged by the defendant; and four witnesses testified, that his reputation for truth and veracity was bad, while one said it was good.

Counsel for plaintiff in his closing argument to the jury used the following language: "Gentlemen of the jury, the attorney for the railroad says you should consider this case as though this were a suit against a private citizen. Gentlemen, I want to show you why you should not do so. I want to show you that a railroad has rights that you don't have. The railroad can condemn your graveyards and disturb the resting place of your sacred dead. Can you do that?"

The use of this language was promptly excepted to by appellant, and it was one of the grounds upon which a new trial was asked.

It does not appear that any attempt was made by the court to restrain the counsel, or to counteract the effect which this language was intended to have with the jury.

The language used was improper. In general, the same rules of law apply in suits against railroad companies that govern similar suits against private persons; and, if this be not true in all cases, the fact that appellant's counsel contended for it in this case did not justify appellee's counsel in indulging in the inflammatory language used. The fact that a railroad company may have the right to condemn a graveyard, and disturb the resting place of the dead, ought not to be considered by a jury in determining whether or not the company was guilty of negligence on a particular occasion, in nowise connected with condemning a graveyard, or in determining the amount of damages a plaintiff is entitled to as compensation for the loss of his grass. As long as the memory of the dead is cherished, so long will some feeling of resentment rise up against those who claim the right, without consent, to disturb their place of sepulture; and to appeal to this sentiment in the jury box as a reason why a railroad company, or other litigant having such right, should not be allowed to litigate upon an equal footing with others, is a positive wrong. And considering the testimony in this case, it is not improbable that the language objected to influenced the jury. Therefore the judgment will be reversed. Railway v. Cooper, 70 Texas, 67; Railway v. Jarrell, 60 Texas, 267; Willis v. McNeill, 57 Texas, 473; Railway v. Jones, 73 Texas, 236.

When damage suits against railroad companies are tried with entire fairness, results are generally as favorable to plaintiffs as they are entitled to have them. Therefore, and because all litigants are entitled to fair trials, it is the duty of courts to see that railroad companies, when before them as litigants, are not treated with manifest unfairness; and in discharge of this duty, this court will reverse the judgment in this cause.

Other assignments are overruled.

*Reversed and remanded.*

Delivered June 13, 1894.