## S. C. KILGORE v. L. B. MOORE.

Delivered May 24, 1896.

1. **Special Issues—Charge Submitting, and Finding by Jury, Held Sufficient.**

In an action upon a large number of notes of defendant to plaintiff, the defendant claimed greater credits than plaintiff had allowed him in as many as eleven different instances. The case was submitted to the jury upon special issues, and the court charged them to find for defendant certain undisputed credits, and further submitted to them the question as to any other credits defendant might be entitled to, and they found that defendant was entitled to several other credits, but none of the eleven were included therein. Held, that the charge sufficiently covered the issue, and the finding was responsive thereto.

2. **Same—All Issues Must be Submitted.**

Where a case is tried upon special issues submitted to the jury, the verdict cannot stand unless all the issues made by the pleadings are submitted and determined.

3. **Same—Assuming Fact.**

It is error for the court to assume a fact about which the evidence is conflicting, and thereby fail to submit to the jury the issue relative to such fact.

4. **Jury—Verdict—Third Person in Jury Room.**

It was error for the court, upon request of the jury for an amanuensis to take down their verdict, to appoint a person (a deputy clerk of the court) for that purpose, and permit him to be present in the jury room during their deliberations, although he took no part therein.

APPEAL from Grayson. Tried below before Hon. DON A. BLISS.

*G. G. Randell* and *Wolf & Hare,* for appellant.—1. When special issues are presented to a jury, they should present all the questions of fact in litigation, and the verdict must find upon every issue made by the pleadings and evidence necessary to show that the judgment rendered is the proper one, and the court cannot look beyond such findings to any fact apparent in the record in aid of the judgment. Raines v. Calloway, 27 Texas. 678; Ledyard v. Brown, 27 Texas, 393; Kuhlman v. Medlinka, 29 Texas, 385; Mussina v. Shepherd, 44 Texas, 623; Frost v. Frost, 45 Texas, 324; Smith v. Warren, 60 Texas, 462; Heflin v. Burns, 70 Texas, 347; McShan v. Myers, 1 Posey's U. C., 100.

2. The pleadings of the defendant raised the issue as to the amount of money received and paid out by plaintiff on the Commercial College contract, and further asked that plaintiff be required to account to de-

fendant for such moneys and show how the same had been disbursed by him. The court should have required the jury to make a finding upon all these issues and the jury having failed to find the facts in reference thereto, no judgment could be properly entered in this case.

*A. B. Person, T. W. Stratton* and *A. G. Moseley*, for appellee.— There being no conflict in the testimony respecting either the amount collected by appellee from the Commercial College contract or as to the application made by him as to such amount, the court need not have submitted any issue or question thereon to the jury, and it further appearing by the undisputed testimony in the case that appellee applied all of the money collected from this contract to indebtedness of appellant other and prior to the indebtedness sued upon, the court properly ignored this issue in rendering the judgment.

RAINEY, ASSOCIATE JUSTICE.—This suit was brought by appellee to recover upon thirty-six different promissory notes executed by appellant at various times in favor of appellee; said notes stipulating for 12 per cent interest and attorney's fees. Appellee also sought foreclosure of various chattel mortgages upon personal property, and to foreclose certain vendor's liens and deeds of trust on certain real estate given to secure certain of said notes.

Defendant answered by general and special exceptions, general denial, and special answer to the effect that all the notes described in plaintiff's petition had been paid off and discharged, and that he was not indebted to plaintiff on account of the execution and delivery of any of said notes.

There were various transactions between appellant and appellee covering a period of several years; the transactions consisting partly of money advanced by appellee to appellant for or on his account, and payments made at various times and in various amounts by appellee to appellant, all of which were duly set up in the pleadings, either of appellant or appellee. On hearing, judgment was rendered in favor of appellee for the sum of $18,028.35. The court by its charge submitted to the jury special issues, upon which the court rendered judgment.

The first assignment of error presented by appellant complains of the action of the court in failing to submit to the jury issues as to whether or not he was entitled to greater credits in as many as eleven different instances where he claimed to have paid a larger amount than appellee had allowed him credit for. The court in its charge instructed the jury to find for appellant certain credits about which there was no dispute; and further submitted to them the question, in effect, to state in their answer any and all the credits other than those mentioned in his instructions to which appellant might be entitled. The jury, in answer to such question, found that appellant was entitled to several other credits, none of the eleven being included. We think the instructions of the court to the jury were fully sufficient to cover the issue raised by appel-

lant, and that the finding of the jury thereon was responsive thereto, and clearly indicated that under the instructions of the court the defendant was not entitled to credit on the notes sued on for the amounts claimed.

The second assignment of error is: "The court erred in not causing the jury to find as to the amount of money received and paid out by plaintiff upon the Commercial College contract, because the evidence showed that said contract was assigned and transferred to plaintiff by defendant, and that all moneys were to be received from said contract by plaintiff, and certain amounts thereof paid out for labor and material used in the construction of said building, and defendant was entitled to a finding of the jury, as to the amounts of money paid out by plaintiff on said contract, when the same was paid, to whom paid, the amount paid, and the purpose for which such payments were made, and the plaintiff having failed to show what disposition had been made of all moneys received by him upon said contract, defendant was entitled to a credit for the entire contract price, to-wit: $14,959."

The seventh question submitted by the court to the jury was as follows: "Was there any agreement between Moore and Kilgore with reference to the contract price Kilgore was to get for erecting the Commercial College building? If so, what was the agreement, and how much of said contract price did Moore actually collect? How much had Moore advanced to Kilgore for the purpose of purchasing the material for the construction of said building and for paying labor employed by Kilgore on said contract? How much, if any, of the amount actually collected by Moore on said contract was paid out for labor or material employed or used in the construction of said building?"

The answer of the jury to said question was as follows: "There was an agreement between Moore and Kilgore with reference to the contract price Kilgore was to get for erecting the Commercial College building. The agreement was that Moore was to furnish money to carry on the work on said college contract and pay for labor and material; the remainder of said money on said contract was to be applied to the credit of Kilgore's indebtedness to Moore. Moore collected on said contract $7136.64. We are unable to state the amount so advanced by Moore to Kilgore for the purpose of purchasing material for the construction of said building and for paying labor employed by Kilgore on said contract. We are likewise unable to state the amount paid out by Moore for labor and material employed or used in the construction of said building."

It will be noted that the jury failed to find how much money appellee advanced for the purpose of purchasing material and for labor in constructing said building. The appellee contends that as the evidence shows the amount he received on said contract, and that it was applied to appellant's indebtedness, the finding of the jury was sufficient to form a basis upon which the court was authorized to render judgment. We cannot concur in this contention. Under our decisions, when special

issues are submitted to the jury, it is necessary that all of the issues of fact made by the pleadings must be submitted and determined or the verdict will be set aside. Paschal v. Acklin, 27 Texas, 173; Cole v. Crawford, 69 Texas, 126; Newbolt v. Lancaster, 83 Texas, 271.

We are of opinion that the pleadings and evidence raised the issue as to how much had been advanced by appellee on this contract, and the jury should have made a specific finding on that point. The issue as to the application of the amount collected, as a credit, should have been submitted to the jury and a specific finding made thereon.

The court in its instructions, in effect, assumed that there had been an indebtedness due by appellant to appellee other than that evidenced by the various notes executed by appellant. In other words, that during their dealings appellee had at various times advanced money to appellant for which no notes were at the time executed, and an account of same was kept by appellee, and to which certain credits were applied. We think the evidence fairly raised the issue as to whether appellant had executed notes for all the moneys received by him or on his account from appellee. Appellant, in substance, testified that he never at any time received any money for which he did not execute his note; and his wife's testimony is to the same effect as to transactions had with her. Such being the testimony, we think such an assumption on the part of the court was improper, and instead, the issue should have been submitted covering that point.

We think under the evidence, that a larger credit for usurious interest should have been allowed appellant; but as appellee offered to remit, such will not constitute ground for reversal; but we call the attention of the trial court to the matter, in order that on the next trial proper attention may be paid thereto.

The thirteenth assignment of error is as follows: "The court erred in requiring and permitting one C. S. Arnold, without the knowledge or consent of defendant or his counsel, said Arnold not being a member of the jury sworn to try the cause, to be present in the jury room for the space of about one hour and thirty minutes while the jury before whom this cause was being tried was deliberating on said cause and making their verdict therein; all of which is more fully shown by the affidavit of J. A. L. Wolfe, attached to and made a part of defendant's motion for new trial; and as also shown by the affidavit of said Arnold, filed with the record of this cause."

The evidence above referred to shows that Arnold was not one of the jurors; that he was a deputy clerk of the court; that the jury came into court and asked for an amanuensis to take down their answers to questions submitted, and said Arnold was directed by the court to go into the jury room, and when in there he took no part in the deliberations further than to take down on the typewriter the verdict of the jury as rendered. There is nothing in the record to show that there was any influence brought to bear by Arnold upon any of the jurors in rendering the verdict they did render.

While this is true, the court erred in permitting Arnold to be with the jury in the manner indicated. The law does not contemplate that any one shall be with the jurors while they are deliberating upon their verdict, and such conduct is contrary to the spirit of the law in the trial of causes by jury.

This is a case involving many transactions, covering a period of several years, and the evidence being to a great extent conflicting, is necessarily voluminous, which made it exceedingly difficult to properly present the issues raised; and it is not surprising that the learned judge below made omissions in submitting proper issues.

Other assignments of error are presented, but it is unnecessary to discuss them as enough has been said to show that all issues properly raised should be submitted to the jury.

Owing to the multitude of transactions and the great volume of evidence,—conflicting in many respects,—we think this case one in which the services of an auditor would be eminently beneficial; however we give no instructions as to this suggestion.

For the reasons above set forth, the judgment of the court below is reversed and the cause remanded and it is so ordered.

*Reversed and remanded.*