## NATIONAL LIFE ASS'N v. HAGELSTEIN.

(Court of Civil Appeals of Texas. San Antonio. April 2, 1913. Rehearing Denied April 30, 1913.)

1. INSURANCE (§ 250*) — ASSESSMENT COMPANIES—MISREPRESENTATIONS — STATUTES—APPLICATION.

Rev. Civ. St. 1911, art. 4947, declaring that the provision in any policy that misrepresentations in the application shall render the policy void or voidable shall not constitute a defense to any suit on the policy, unless it be shown that the matter misrepresented was material to the risk or actually contributed to the event on which the policy became payable, includes all contracts or policies of insurance issued or contracted for within the state, whether by assessment or other companies.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 539; Dec. Dig. § 250.*]

2. INSURANCE (§ 17*)—REGULATION — STATUTES—CONSTRUCTION.

Rev. Civ. St. 1911, art. 4791, providing that foreign assessment insurance companies shall be subject only to the provisions of the chapter containing such section, applies only to proceedings required to obtain a license to do business in Texas, and does not prevent any regulation of such companies which would result from applying other regulatory statutory provisions to them.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 12; Dec. Dig. § 17.*]

3. INSURANCE (§ 17*) — ASSESSMENT COMPANIES—REGULATION—STATUTES.

Acts 28th Leg. c. 69 (Rev. Civ. St. 1911, art. 4947), relating to insurance, does not ex-

---

cept assessment companies, but provides that the act, as well as all the terms and provisions of title 58, cc. 1, 2, 3, Rev. St. 1895, are conditions on which foreign insurance corporations shall be permitted to do business within the state, and any such foreign corporation engaged in issuing insurance contracts or policies within the state shall be held to have assented thereto as a condition precedent to its right to engage in such business. *Held*, that such provision made a foreign assessment company writing insurance in Texas subject to all the provisions of Rev. Civ. St. 1911, arts. 4947–4950, inclusive, which contained most of the provisions of Acts 28th Leg. c. 69, relating to such subject.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 12; Dec. Dig. § 17.*]

4. INSURANCE (§ 250*)—REPEAL.

Acts 31st Leg. c. 108, regulating insurance, did not repeal any of the provisions of Acts 28th Leg. c. 69, containing Rev. Civ. St. 1911, art. 4947, providing that misrepresentations shall not be a defense unless material to the risk and actually contributing to the event on which the policy became payable, so as to render such provision inapplicable to a foreign assessment company doing business in Texas.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 539; Dec. Dig. § 250.*]

5. INSURANCE (§ 390*)—LIFE POLICY — MISREPRESENTATIONS—DEFENSES.

Rev. St. 1895, art. 3096bb, added by Acts 28th Leg. c. 69, provides that no insurance company shall avail itself of any defense based on misrepresentations in the application, unless it shall show on the trial that within a reasonable time after discovering the falsity of the misrepresentations it gave notice to the assured, if living, or, if dead, to the owners or beneficiaries of the contract, that it refused to be bound by the contract or policy, and that 90 days shall be a reasonable time. *Held* that a company not having given the prescribed notice was absolutely barred from defending an action on the policy because of alleged misrepresentations in the application.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1037, 1038; Dec. Dig. § 390.*]

6. INSURANCE (§ 602*)—PENALTY—ATTORNEY'S FEES—STATUTES—REPEAL.

Rev. St. 1895, art. 3071, authorizing the recovery of a penalty and attorney's fees in a suit on a contract of insurance for defendant's failure to pay the claim within a specified time, having been repealed by Acts 31st Leg. c. 108, § 69, and the penalty clause of the latter act not being applicable to assessment companies, plaintiff in an action on an assessment policy in which the cause of the action did not accrue until after such repeal could not recover a penalty and attorney's fees.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1498; Dec. Dig. § 602.*]

Appeal from District Court, Bexar County.

Action by Mamie B. Hagelstein against the National Life Association. Judgment for plaintiff, and defendant appeals. Affirmed.

Sullivan & Sullivan, of Des Moines, Iowa, Jno. F. Onion and E. D. Henry, both of San Antonio, for appellant. Joe H. H. Graham and Denman, Franklin & McGown, all of San Antonio, for appellee.

FLY, C. J. Appellee, as the surviving wife of Chris F. Hagelstein, sued appellant to recover on an insurance policy of $5,000 on the life of her deceased husband; said insurance being payable to appellee. Appellant sought to avoid liability on the ground that proofs of death of the insured had not been furnished the association at its home office, as provided in the policy, on account of warranties made by the insured, which were breached and which had deceived appellant, and, further, for the reason that the insured had committed suicide by burning the building in which he was living at the time. The jury returned a verdict in favor of appellee for $5,000, with interest at 6 per cent. from October 29, 1910, and 12 per cent. upon the aggregate sum as a penalty, and 10 per cent. for attorney's fees. The court struck out the penalty and attorney's fees, and rendered judgment for the principal of the policy and interest.

The facts were uncontradicted, and show that Chris F. Hagelstein applied for and obtained from appellant on February 28, 1910, insurance on his life for $5,000, his wife, appellee, being the beneficiary therein. He paid for the insurance in quarterly installments, as he had agreed to do. On October 6, 1910, the insured, Chris F. Hagelstein, died by being burned in a building, and appellant was notified of his death, and proofs of loss were made as required by the policy, or certificate of insurance, which was delivered to appellant on October 29, 1910, and appellee at that time demanded payment of the sum of $5,000 and was refused payment by appellant. In his application for the certificate of insurance sued on, Chris F. Hagelstein stated in an answer to questions that he had never applied for life insurance without receiving the kind and amount applied for, that he had never been refused life insurance, that he had not been treated, in the past five years, by any physician, and that he had not been attended by or consulted with a physician in that time. He had in fact on November 13, 1909, made application to the Colorado National Life Assurance Company for $10,000 insurance, and the application was rejected, and on January, 22, 1910, had applied to the Southwestern Life Insurance Company, of Dallas, Tex., for $10,000 insurance, and that application was also rejected. Appellant's medical director did not know of such applications and rejections, and testified that, if he had known of them, he would have rejected the application made to appellant. Insured had been attended by a physician in the summer of 1909. Appellant is a foreign assessment or natural premium company, and had complied with the provisions of articles 3090, 3091, 3092, Sayles' Rev. Stats.; the same provisions being embodied in articles 4791, 4792, 4793, R. S. 1911. Appellant failed to give the statutory notice that it refused to be bound by its contract.

[1] It is provided in article 4791, which, with the two succeeding articles comprise a chapter of the statutes, that companies and

associations licensed thereunder should "be subject only to the provisions of this chapter," and it is the contention of appellant that none of the provisions of articles 4947 to 4951, R. S. 1911, have any application to it. The articles under which appellant operated in Texas were enacted in 1889, while the articles as to representations made by an applicant for insurance were enacted in 1903. In article 4947 it is provided that any policy, which provides that misrepresentations made in the application for insurance shall render the policy void or voidable, shall be of no effect, and shall not constitute any defense to any suit brought on the contract of insurance unless it be shown that the matter misrepresented was material to the risk or actually contributed to the contingency or event on which the policy became due and payable, and the question of materiality is made one of fact, to be determined by the court or jury. That statute includes "any contract or policy of insurance issued or contracted for in this state," and had the effect of destroying any immunity, if there had been any, from the provisions of other laws than articles 4791, 4792, and 4793, at least so far as the provisions of the later law are concerned. It must be presumed that, if the Legislature had intended to exempt foreign assessment companies from the provisions of the act of 1903, it would have been so provided.

[2] The provision in the law of 1889 (article 4791, R. S. Stats. 1911) that foreign assessment companies should "be subject only to the provisions of this chapter," must have reference alone to the proceedings required in order to obtain a license to do business in Texas, because that is all that is provided for in the chapter. It cannot be held that the provision was intended to prevent any regulation of such companies, which would be the effect of the construction placed on the law by appellant.

[3] No exceptions are made in the act of 1903, which contains article 4947, R. S. 1911, but it is specially provided in that act "that the provisions of this act, as well as all the terms and provisions of chapters 1, 2, and 3, of title 58, of the Revised Civil Statutes of Texas, are conditions upon which foreign insurance corporations shall be permitted to do business within this state, and any such foreign corporations engaged in issuing insurance contracts or policies within this state, shall be held to have assented thereto as a condition precedent to its right to engage in such business within this state." That provision is plain and undoubtedly made companies of the class to which appellant belongs subject to the provisions of articles 4947 to and including 4950, Rev. Stats. of 1911, which contain most of the provisions of chapter 69, pp. 94, 95, Gen. Laws of 1903.

[4] The act of 1909 did not repeal any provision of the law of 1903, but gives the number of every article of the Revised Statutes repealed, and the articles added by the act of 1903 are not included therein. The act of 1903 was in full force and effect during 1910, when the policy was issued and the insured died.

We deem it incumbent on us to state, however, that there is grave doubt as to whether fraternal beneficiary associations and "companies carrying on the business of life or casualty insurance on the assessment or annual premium plan" have not been excepted from the provisions of the act of 1903 by the codifiers of the Revised Statutes of 1911. In section 65, Act 1909, p. 214, Gen. Laws, it is provided that none of the terms or provisions of that act shall apply to fraternal beneficiary associations, or to companies engaged in life or casualty insurance business, "on the assessment or annual premium plan, under the provision of articles 3090, 3091, and 3092, Revised Civil Statutes of the State of Texas," and that provision in an amended form has been placed by the codifiers in the Revised Statutes of 1911, as article 4957, which is included in chapter 15 of title 71, relating to insurance. In that same chapter is found the law of 1903 relating to representations upon the part of applicants for insurance. Article 4957 is to the effect that "none of the terms of this chapter shall apply to, nor in any wise affect, fraternal beneficiary associations, as defined by the laws of this state, nor apply to companies carrying on the business of life or casualty insurance on the assessment or annual premium plan, under the provisions of this title." The act of 1909 made the exception apply to the provisions of that act, the article, as arranged by the codifiers, makes the exception apply to the terms or provisions of chapter 15, thereby exempting the companies mentioned from the terms of the act of 1903, which are included in that chapter. That change does not affect rights which had accrued prior to the adoption of the Revised Statutes which took effect on September 1, 1911, and we mention it only to call attention to the fact that legislation is needed to clear up the situation and make the act of 1903 effective as to all insurance companies doing business in this state. It will not be credited that the law was intended in that way to be rendered nugatory as to certain kinds of insurance companies, but that appears to be the effect of the adoption by the Thirty-Second Legislature of the Revised Statutes of 1911.

[5] By the terms of article 3096bb of the cited act of 1903, no insurance company shall avail itself of any defense based upon misrepresentations in the application for insurance, "unless the defendant shall show on the trial that, within a reasonable time after discovering the falsity of the misrepresentations so made, it gave notice to the

assured, if living, or if dead, to the owners or beneficiaries of said contract, that it refused to be bound by the contract or policy; provided that ninety days shall be a reasonable time." The agreed statement of facts shows that appellant did not give such notice. It follows that it could not make the defenses offered by it, and it is immaterial as to what errors may have been committed in admitting evidence or in the charge of the court. An instruction to return a verdict for appellee would have been justified. The authorities cited by appellant have no applicability whatever. This case is governed by statutes plain and unmistakable in their terms, which were added as amendments to title 58 of the Revised Statutes under which appellant was licensed to engage in business in Texas. Those amendments included every class of insurance company in Texas. Insurance Co. v. Wade, 127 S. W. 1186; Insurance Co. v. Stricker, 136 S. W. 599.

[6] Through a cross-assignment appellee contends that the court erred in not rendering judgment for the penalty and attorney's fees found by the jury. The penalty and attorney's fees, if recovered at all, must be recovered under the provisions of article 3071, Rev. Stats. of 1895, because the only other law on the subject is that of 1909, which in terms exempts assessment companies from its provisions. Appellee makes her claim by virtue of cited article 3071, but, as that article was repealed by the law of 1909, it was not in effect in 1910, when this cause of action accrued. Repealing clause, Gen. Laws 1909, § 69, p. 215. Article 3071 being repealed and section 35 of the act of 1909, in regard to penalties and attorney's fees having no application to the class of insurance companies to which appellant belongs, by the special provisions of section 65 of that act, appellee could not recover such penalty and attorney's fees. There is no valid reason for excepting such companies from such penalties and attorney's fees, and legislation on the subject would be timely and proper.

The judgment is affirmed.