## MILWAUKEE MECHANICS' INS. CO. v. WEATHERED.    (No. 6382.)

(Court of Civil Appeals of Texas. Austin. Oct. 12, 1921.)

**1. Insurance �köm390—Notice of defense of false representation required to render defense available.**

Where policy protected mortgagor of an automobile against fire or theft, and, by rider, protected mortgagee against mortgagor's embezzlement or concealment of the machine, in action on the policy by the mortgagee, based on mortgagor's disappearance, the defense that mortgagor's representations that the car was new and fully paid for were false, and that the rider referred to the original policy in such a way as to make the representations therein material to the rider was not available, under Rev. St. 1911, art. 4948, where no such defense was pleaded and no notice given to insured that insurer would rely on such defense; failure to give notice not being excused on the ground that insured's disappearance had made notification impossible, since, as to the rider policy, the mortgagee, not the mortgagor, was the insured.

**2. Evidence ⊦⊸601(4)—Proof of value of car at time of disappearance held sufficient.**

In mortgagee's action on policy protecting against embezzlement or concealment by the mortgagor of mortgaged automobile, evidence of the market value of the car at the time the policy was issued, and that the mortgagee did not know the exact date on which the mortgagor disappeared with the car, but that it was only a few days after the policy was issued, was sufficient evidence of the value of the car at the time of embezzlement; there being no testimony that the automobile had deteriorated in value in this short time.

Appeal from McLennan County Court; Jas. P. Alexander, Judge.

Action by Charles A. Weathered against the Milwaukee Mechanics' Insurance Company. From judgment for plaintiff, defendant appeals. Affirmed.

Bryan, Stone & Wade, of Fort Worth, for appellant.

J. D. Williamson and Allan V. McDonnell, both of Waco, for appellee.

### Findings of Fact.

JENKINS, J. One K. D. Langley, who owned a Ford automobile, executed a mortgage on the same to appellee for the sum of $300. Appellee phoned appellant company that he wished insurance on this automobile. An agent of the company came to appellee's office, and there wrote a policy of insurance, protecting Langley from loss by reason of fire or theft of said automobile. Appellee furnished the agent of the company with information with reference to this automobile, and paid the premium on the policy referred

to. He informed the agent that he also wanted a policy insuring him against loss by reason of the embezzlement or concealment of the automobile by Langley. This policy was issued by appellant as a rider to the policy first named.

The statement contained in the first policy was that the automobile had been purchased as a new car by Langley, in June, 1919, and fully paid for by him; the purchase price for same being $725. In truth the automobile was not new when purchased by Langley, and the price paid by Langley was $485, which was secured by mortgage, and of which sum nearly $100 was unpaid at the time the policies above mentioned were issued.

In the first policy there was this provision:

"The following are statements of fact known to and warranted by the assured to be true, and this policy is issued by the company relying upon the truth thereof."

The policy against embezzlement by Langley referred to this policy in a way that made this statement a part thereof. Langley disappeared within a few days after the policies referred to were issued. Appellee sought to locate him, and procured a warrant for his arrest, but he was not found. There was a judgment for appellee for $500, the amount of the policy.

### Opinion.

[1] Appellant's first proposition under its first assignment of error is, in substance, that the representations purported to have been made by Langley were material to the risk, and, being false, avoided the policy. But this suit is not upon the policy to protect Langley, but upon the policy issued to Weathered to protect him against the embezzlement of the automobile by Langley. This policy, referred to herein as the "rider," referred to the original in such a way as to make the misrepresentations therein material to the rider policy; otherwise the policy issued to protect Langley has no connection with the policy issued to protect Weathered. The fact that the policy to secure Langley was obtained by material misrepresentation will not avail as a defense in this case, for the reason that Revised Statutes, art. 4948, provides that such a defense can be made available only where the insurer gives notice to the insured, within a reasonable time upon receiving notice of the loss, that he will defend on the ground that the same was obtained by fraud. No such defense was pleaded in this case, and no notice was given by appellant to appellee that it would rely upon such defense. Such being the case, appellee was entitled to recover herein, and the court did not err in rendering judgment in his favor. This defense as created by the statute

above referred to is an absolute bar to recovery. Ins. Co. v. Hagelstein, 156 S. W. 353; Ins. Co. v. Burnside, 175 S. W. 169; Surety Co. v. Murphy Walker Co., 174 S. W. 997. See, also, Cooley's Insurance Briefs, vol. 1, p. 793.

Appellant seeks to excuse itself from giving such notice upon the theory that the statute requires such notice to be given to the "assured," and that Langley was the assured, and, inasmuch as by his disappearance it was rendered impossible to give Langley such notice, the appellant was excused from doing so. Langley was neither the assured nor the insured in the rider policy. It expressly names Weathered as the assured; the premium was paid by him, and the policy was issued for his protection, and not to protect Langley against the embezzlement of his own car by himself.

[2] The contention of appellant that the terms of the policy requiring proof of the value of the car at the time of its disappearance was not complied with cannot be upheld. The evidence shows that the market value of the car at the time the policy was issued was from $650 to $750. Weathered did not know the exact date on which Langley left, but it was only a few days after the issuance of the policy. This, in the absence of any testimony indicating that the automobile had deteriorated in value within this short time, is sufficient evidence to meet the requirement that the value of the car at the time of embezzlement must be proven.

Finding no error of record, the judgment of the lower court is affirmed.

Affirmed.

⟜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes