SOUTHERN SURETY CO. v. BUTLER et al.
(No. 6824.)

(Court of Civil Appeals of Texas. San Antonio. Nov. 22, 1922. On Motion for Rehearing, Jan. 10, 1923.)

1. Insurance ⟲➔646(1½) — Company must prove falsity and materiality of representations pleaded.

An insurance company, which pleads misrepresentations by insured to defeat recovery on the policy, must, under Rev. St. art. 4947, prove the falsity of the representations as well as their materiality, and that it would not have issued the policy had it been fully advised.

2. Insurance ⟲➔668(7)—Whether misrepresentations by insured were material is jury question on conflicting testimony.

Whether misrepresentations in a policy for health insurance were material is a jury question where the evidence is controverted.

3. Insurance ⟲➔390—Failure to give notice within 90 days after discovery of misrepresentations bars defense.

The failure of an insurance company to give notice of its refusal to be bound by the contract within 90 days after discovering the falsity of representations in the application, as required by Rev. St. art. 4948, creates an absolute bar to a defense against recovery on the policy.

4. Insurance ⟲➔378(1)—Company is charged with agent's knowledge of falsity of representations.

A health insurance company is charged with its agent's knowledge of the falsity of representations as to the health of insured contained in the application.

5. Insurance ⟲➔151(2)—Application must be construed with policy.

The application for health insurance must be construed with the policy.

6. Insurance ⟲➔264(1)—False representations defeating liability only if material are not warranties.

Where the application for health insurance provided that the policy should be forfeited

if false answers were made with actual intent to deceive or materially affect the acceptance of the risk, the answers do not constitute warranties per se, since to make warranties the statements must be absolute and subject to no other construction.

**7. Insurance ☞256(1)—Misrepresentations do not avoid policy, unless thing represented contributed to loss.**

False answers in an application for insurance will not, under Rev. St. art. 4947, avoid the policy, unless the represented thing actually contributed to the contingency upon which the policy became due and payable.

**8. Appeal and error ☞882(14)—Defendant cannot complain issue raised by it was submitted to the jury.**

An insurance company, which pleaded fraud and misrepresentation in obtaining the policy, cannot complain of the charge submitting that issue to the jury.

**9. Insurance ☞665(4)—Evidence held not to show disability was received from excluded disease.**

In an action on a health insurance policy for indemnity during disability resulting from an operation for appendicitis, evidence that at the same time the surgeons removed the uterus of insured which was congenitally undeveloped so as not to function properly, but was not diseased, does not show that the disability was caused or contributed to by a disease of the latter organ within an exception contained in the policy.

### On Rehearing.

**10. Insurance ☞602—Attorney's fee and penalty not allowed where demand is excessive.**

The penalty and attorney's fee which can be allowed against an insurance company under Rev. St. art. 4746, for failure of the company to pay the loss within 30 days after demand, is not recoverable, where the demand was for an excessive amount, so that no judgment for the penalty and attorney's fees can be sustained, where the loss recovered was only three-fourths of the amount demanded.

Appeal from Bexar County Court.

Action by Rooney Mae Butler and her husband against the Southern Surety Company. Judgment for plaintiffs, and defendant appeals. Affirmed in part and reversed in part and judgment rendered.

Barrett & Barrett and Sam'l G. Baggett, all of San Antonio, for appellant.

Leonard Brown, of San Antonio, and J. L. Webb, of Houston, for appellees.

COBBS, J. Appellee brought this suit against appellant to recover on a policy of insurance for loss of time caused by an acute attack of appendicitis, necessitating her removal to a hospital on the 9th day of August, 1920, where an operation was performed, removing the appendix and her uterus. Before recovery she was stricken with pneumonia, and confined to her house continuously for a period of 101 days under the constant care of a physician, rendering it impossible for her to perform her duties as a saleslady, which total disability extended to November 20, 1920, for which she prayed a judgment for $336.66 and an additional sum of $50 for partial disability, for penalty and attorney's fees.

The special defenses were: First, it was obtained by fraud and misrepresentation that were material to said contract; and, second, no indemnity is payable "for any loss or disability caused wholly or in part, directly or indirectly, or complicated by any illness or disease affecting any generative organ or organs or appendage of same." That primarily the operation was a pelvic one, as when the operation to remove the appendix was performed appellee's womb was likewise removed, so that the sickness was not caused by any ailment of the appendix and its removal, but was caused by the ailment of the generative organs not covered by the contract, and in that event was caused indirectly and in part and complicated by an ailment of the generative organs. That on November 22, 1920, prior to the institution of the suit, appellant tendered to appellee the return of the premium paid, and notified the appellee the policy was declared null and void of its receptive date because of appellee's misrepresentations in her application.

Appellee replied, if her answers were untrue in the application, appellant is estopped from pleading them as a defense to the recovery because the answers were made and filled out and filled in by an agent of the company, upon a full and complete disclosure to said agent of her physical condition at all times, and, if any false representations were made, they were made by appellant's agent.

Appellant replied the application was made out by appellee in her own handwriting; that no statements were made except those contained in the application for insurance, and no agent had authority to alter, amend, or waive any policy provision or requirement.

The case was tried on special issues to the jury. The judgment was for the sum of $371.06, being indemnity in the sum of $286.66, penalty, $34.40, and attorneys fees of $50.00.

Appellant's first proposition is the court erred in not instructing a verdict for the appellant. This is predicated upon the provision in the policy that:

"No indemnity is payable under this policy for any loss or disability caused wholly or in part, directly or indirectly, or complicated by any illness or disease affecting any generative organ or organs or any appendage of same,"

and the further provision of the policy:

"That the insurance hereby applied for shall not be effective prior to the date and hour set

forth in a policy actually issued by the company, such policy thereupon becoming effective if delivered to you while you are in good health and free from the effects of any injury, disease, or bodily infirmity."

The evidence is that appellee had an attack of acute appendicitis which required its removal, and when that operation was performed her uterus was at the same time removed. She had long been suffering from what the physicians and surgeons called suppressed or painful menstruation caused by an infantile uterus.

[1, 2] It devolved upon appellant, under its pleading of misrepresentations and fraud, to establish the same, as well as the materiality of the misrepresentations, and that it would not have issued the policy, had it been fully advised, which here the evidence being controverted makes it a jury question. R. S. art. 4947; Mitchell v. McLarn (Tex. Civ. App.) 51 S. W. 270.

[3] To support such a defense also, the insurer must show, within 90 days after the discovery, it gave written notice to the insured of its refusal to be bound by the contract.

The defense was appellee answered question 15 falsely that she was in sound condition mentally and physically, and to question 16, she had not been disabled or had medical attention or surgical treatment during the past five years, for the purpose of securing the insurance. It is undisputed that the appellant had in its possession and through its agents information of the falsity of her answers, if false, for a period of 98 days from the date on which it received the reports in which the discrepancy in the answers appeared and the appellant notified her, the appellee, of the claim of the falsity of her answers, and that it would not be bound by the terms of the policy.

It therefore appears upon the face of the record that appellant did not give notice within 90 days after it discovered, or could have discovered, the alleged falsity of the answers as the basis of forfeiture of the contract. It is now too late to raise it; it is an absolute bar. Revised Statutes, art. 4948; Fed. Life Ins. Co. v. Wright (Tex. Civ. App.) 229 S. W. 797; Western Ind. Co. v. Free & Acc. Masons (Tex. Civ. App.) 198 S. W. 1092; Guarantee Life Ins. Co. v. Evert (Tex. Civ. App.) 178 S. W. 646; Milwaukee Mech. Ins. Co. v. Weatherford (Tex. Civ. App.) 234 S. W. 568; Nat. Life Ass'n v. Hagelstein (Tex. Civ. App.) 156 S. W. 353; Sec. Mut. Life Ins. Co. v. Calvert (Tex. Civ. App.) 100 S. W. 1033; Manhattan Life Ins. Co. v. Stubbs (Tex. Civ. App.) 234 S. W. 1099.

[4] Miss Baker, who solicited this insurance, propounded the questions and solicited or assisted in answering them, and was thereby informed that appellee had the influenza in 1919, and was sick. If the answers were false they were known to appellant through its agent to be false. Fed. Life Ins. Co. v. Wright (Tex. Civ. App.) 229 S. W. 795; Insurance Co. v. Nichols (Tex. Civ. App.) 26 S. W. 998; Sun Life Ins. Co. v. Phillips (Tex. Civ. App.) 70 S. W. 603; Sec. Mut. Life Ins. Co. v. Calvert, cited above; N. W. Life Ass'n v. Findley, 29 Tex. Civ. App. 494, 68 S. W. 695; Va. Fire, etc., v. Cummings (Tex. Civ. App.) 78 S. W. 716 (affirmed by the Supreme Court, 98 Tex. 636).

[5, 6] In the application for insurance, which must be construed together with the policy, it provided among other things that the policy "shall be voided and forfeited to the company if such false answer was made with the actual intent to deceive or materially affect the acceptance of the risk"—such answers do not constitute warranties per se. To make a warranty the statement must be absolute and subject to no other construction. Delaware Ins. Co. of Philadelphia v. Harris, 26 Tex. Civ. App. 537, 64 S. W. 867; Reppond v. Nat. Life Ins. Co., 100 Tex. 519, 101 S. W. 786, L. R. A. (N. S.) 981, 15 Ann. Cas. 618; Palatine Ins. Co. v. Brown (Tex. Civ. App.) 34 S. W. 462; Sun Ins. Co. v. Texarkana et al. Mch. Works, 3 Willson, Civ. Cas. Ct. App. § 320; Ins. Co. v. Munger, 92 Tex. 297, 49 S. W. 222; Joyce on Insurance, vol. 3, pars. 1894, 1895, 1898.

It is a question of fact, to be determined just as any other fact, whether "such false answer was made with the actual intent to deceive or materially affect the acceptance of the risk."

[7] False answers will not avoid a policy unless it be shown in connection therewith that the represented thing actually contributed to the contingency upon which the policy became due and payable. Article 4947, R. S., and authorities above cited.

The evidence fails to show that the sickness she had or the menstrual pains endured during her menstrual period in any way contributed to the attack of appendicitis, the primary and necessary cause for the operation. She was treated for the influenza in 1919, but it is not shown that any medicine was prescribed for the menstrual trouble. But for the operation required to remove the appendix, in all probability there would have been no separate operation to remove the uterus, and no claim for indemnity. The contingency was the operation, and it is not shown that the subsequent attack of peritonitis and pneumonia was in any way chargeable to the alleged falsity of the appellee's answer—for the policy provided false answers to invalidate the policy must be made with the actual intent to deceive.

[8] Having pleaded and put in issue that the insurance policy was obtained by fraud and misrepresentations that were material to the risk, and that appellee made such answers with the intent and purpose of securing the insurance, which provided it could be

avoided only by false answers in the application that were made with the actual intent to deceive, it cannot complain of the charge thereon submitting that issue to the jury. Insurance Co. v. Wicker, 93 Tex. 390, 55 S. W. 740; Kilgore v. Moore, 14 Tex. Civ. App. 20, 36 S. W. 317; Tex. Land & Loan Co. v. Watkins, 12 Tex. Civ. App. 603, 34 S. W. 996; Stringfellow v. Brazelton, 57 Tex. Civ. App. 124, 122 S. W. 937; Brin v. McGregor (Tex. Civ. App.) 64 S. W. 79. The policy provided:

"No indemnity is payable under this policy for any loss or disability caused wholly or in part directly or indirectly or complicated by any illness or disease affecting any generative organ."

[9] This, of course, does not apply to the operation required to remove the appendix. So the question for consideration is whether or not the suppressed menstruation from which she suffered at the different periods was "any illness or disease affecting any generative organ." There was medical testimony to show that such condition was not a disease, but what is called infantile uterus— that is, one that is not fully developed—quite prevalent among women, frequently attended with pain at menstrual periods, not otherwise affecting the person physically, and nothing to do with the development of appendicitis. The uterus removed was not diseased, and she had no disease of the generative organs—if it had not been removed she could have continued in the performance of her work as she was doing. The operation was required at the time for an acute appendicitis, and her physician, who knew of her suppressed menstruation, because he was performing an abdomminal operation for the removal of the appendix, wisely concluded to relieve her of the other trouble at the same time.

Dr. Paschal, a distinguished physician of San Antonio, testifying, said he did not consider an infantile uterus a disease. It is a condition usually congenital. It is born that way.

It was shown by the witness Mrs. Mangum that she worked by the side of appellee for four years continuously, and she was always on the job and never sick. To the same effect was the testimony of Mr. Delpain that she worked under him in his department store.

All the issues raised in this case were submitted to the jury for its determination and finding. They found in favor of appellee.

We have fully considered all the assignments of error and points made by appellant, and find no reversable error ·assigned that should cause a reversal. We think the case has been fairly tried and substantial justice administered, and we affirm the judgment of the trial court.

## On Motion for Rehearing.

[10] Upon a careful investigation of the record in this case, it appears that a suit was filed ,by appellee contending for 101 days' disability, for which she asked a recovery for $386.66. The period of disability was submitted to the jury, and the jury found that appellee was entitled only for a period of 71 days, with an indemnity of $286.66, which is a recovery of less than three-fourths of the amount demanded. The penalty allowed was $34.40, and the attorney's fees allowed were $50.

Article 4746 provides that, where the insurance company fails to pay the amount of loss within 30 days after demand, it. shall be liable to pay the whole of the policy in addition to the amount of loss, 12 per cent. damages on the amount of such loss, together with reasonable attorney's fees for the prosecution and collection of such loss. This statute has been construed to mean that, where the assured makes a demand for an amount larger than is due, and recovers a less amount by suit, the insurance company is not liable. Such has been the ruling of the Courts of Civil Appeals in two cases:

American National Insurance Co. v. Turner, 226 S. W. 487, in which it is held:

"Where the beneficiary under a life insurance policy makes demand on the insurer for the face amount of the policy, which is larger than the amount due, and recovers a less amount by suit, the insurance company is not liable to her for attorney's fees under Rev. St. 1911, art. 4746."

In the case of First Texas Prudential Insurance Co. v. Smallwood et al. (Tex. Civ. App.) 242 S. W. 498:

"Under Rev. St. 1911, art. 4746, requiring insurer who fails, on demand, to pay the loss, to pay a specified penalty and a reasonable attorney's fee, an insurer was not liable for such penalty and attorney's fee where the amount demanded was in excess of that subsequently ascertained to be due."

In view of the holding of the court, the items of $34.40 and attorney's fees of $50 makes the total sum of $84.40 excessive. The judgment of the trial court, awarding to appellee a 12 per cent. penalty amounting to $34.40 and attorney's fees of $50, will be reversed and rendered in favor of appellant upon that issue. In other respects the judgment of the court is affirmed. The judgment is further here rendered in accordance herewith in favor of appellee for the sum of $286.66.