ST. LOUIS SOUTHWESTERN RY. CO. OF TEXAS v. OSBORNE. (No. 138.)

(Court of Civil Appeals of Texas. Waco. March 19, 1925.)

1. Trial ⟨key⟩352(5)—Submission of contributory negligence in one general instruction held error, where special issues were requested.

Where negligence of defendant in personal injury action was submitted to jury by separate special issues, submission of contributory negligence in one general instruction *held* error, where a number of acts were alleged as contributory negligence, and special issues were requested.

2. Evidence ⟨key⟩474(8)—Evidence of speed of motorcar error, in absence of showing that witnesses were qualified.

Admission of testimony as to speed at which motorcar was running when it struck plaintiff's car *held* error, where witnesses were not shown qualified to testify as to speed.

3. Trial ⟨key⟩115(2)—Argument instructing jury as to legal effect of their answers to special issues, improper.

Where special issues as to defendant's negligence and contributory negligence were submitted to jury, closing argument of counsel for plaintiff instructing jury as to legal effect of their answer to question of contributory negligence *held* improper.

4. Appeal and error ⟨key⟩1060(1) — Argument that written statement given claim agent was fraud on its face, and hatched-up job, and that claim agents would use fair or foul means, held prejudicial.

In action for injuries from collision with motorcar, argument that written statement given to claim agent was fraud upon its face, and a

hatched-up job, and that claim agents would always put it over by fair or foul means, *held* prejudicial as an attempt to inflame minds of jury; there being no evidence to support argument.

Appeal from District Court, Navarro County; H. Scarbrough, Judge.

Action by M. F. Osborne against the St. Louis Southwestern Railway Company of Texas. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

E. B. Perkins, of Dallas, and Richard Mays, of Corsicana, for appellant.

Gibson & Lovett, of Corsicana, for appellee.

BARCUS, J. This suit was filed by appellee against appellant to recover damages which he claimed he suffered by reason of the automobile which he was operating being struck by the motorcar operated by appellant, the accident having occurred in the city of Corsicana. Appellee alleged several different acts of negligence on the part of appellant, not necessary to state. Appellant answered by general denial and alleged a number of different acts done by appellee, which, if true, constituted contributory negligence on the part of appellee. The cause was submitted to the jury on special issues and resulted in a verdict being returned for appellee.

[1] The court submitted each act of negligence which appellee claimed appellant was guilty of separately, and submitted the defensive matters which appellant claimed contributed to or caused the injury on the part of plaintiff, by the following question:

"Did the plaintiff, M. F. Osborne, do any act or fail to do any act immediately preceding the striking of his automobile, or about the time that his automobile was struck by the motorcar, or in approaching said railroad track, that amounted to 'contributory negligence,' as that term has been defined to you in this charge?"

To which the jury answered, "No." Appellant objected to its defensive matters being submitted in that manner, because it was too general and did not give the jury any guide by which they were directed to determine the defenses pleaded and proven, and because the defendant was entitled to have the jury confined directly and specifically to the defenses pleaded and proven; and in connection therewith, appellant prepared and submitted to the court special issues presenting its defenses and requested the court to give same. The trial court overruled appellee's objections to the issue as submitted and refused to submit any of the special issues requested by appellant, to which appellant excepted and assigns errors, which we sustain. The defendant is entitled to have the different acts of contributory neg-

(270 S.W.)

ligence which he pleads and offers proof in support of submitted distinctly and separately to the jury for its determination, in the same manner that the plaintiff is entitled to have the acts of negligence of the defendant submitted. Munger Automobile Co. v. American Lloyds of Dallas (Tex. Civ. App.) 267 S. W. 304; Fox v. Dallas Hotel Co., 111 Tex. 461, 240 S. W. 517; Hines v. Foreman (Tex. Com. App.) 243 S. W. 479; Jamison Gin Co. v. Measels (Tex. Civ. App.) 207 S. W. 365.

[2] Over the objection of appellant, the trial court permitted the witnesses Frank Simpson, John Beck, and Joe Hoffman to testify as to the speed at which the motorcar was running at the time it struck the automobile. Neither of said witnesses was shown to be qualified to testify with reference thereto, and their testimony on said issue should have been excluded.

[3] In his closing argument, counsel for the appellant stated:

"In order for the plaintiff to recover, we rely upon a finding of the jury that the train was running at a negligent rate of speed, and that such negligence was the proximate cause of plaintiff's injuries. Then, if you should find, in answer to questions 3 and 4, that the train was run at a negligent rate of speed, and in answer to question 6 that it was the proximate cause of plaintiff's injuries, and should you also find, in answer to question 10, that plaintiff was guilty of contributory negligence, you should not also find that this was the proximate cause of his injuries, as these answers would conflict. There can't be two proximate causes; there can only be one."

Appellant objected to said argument and requested the court to withdraw the same from the jury because it informed the jury the legal effect of their answers to questions submitted. We sustain this assignment. Where the issue is sharply drawn as to whether the accident was occasioned by the negligence of the plaintiff or the negligence of the defendant, counsel should not inform the jury the effect their answers will have on the judgment. In many instances the accident is caused by the negligence of both parties, and the jury should be left free to answer the questions without being told the effect of their verdict if they find both parties are guilty of negligence. Fain v. Nelms (Tex. Civ. App.) 156 S. W. 281; G., H. & H. R. Co. v. Hodnett (Tex. Civ. App.) 182 S. W. 7; Morris v. McGough (Tex. Civ. App.) 230 S. W. 1092; Patterson v. Bushong (Tex. Civ. App.) 196 S. W. 962 (writ refused); H. & T. C. Ry. Co. v. Long (Tex. Civ. App.) 219 S. W. 212.

[4] It was error for appellee's counsel, over appellant's objection, to tell the jury that the written statement given by appellee to the claim agent of appellant "was a fraud upon its face and in his opinion was a hatched-up job by defendant's claim agent, and while he knew this was strong language, he meant it; that claim agents would always put it over one claiming damages by fair or foul means if necessary" There was no evidence showing that there was any fraud practiced in getting the statement, and nothing to show that claim agents obtain statements by "fair or foul" means. Said language was highly prejudicial and calculated to inflame the minds of the jury. Counsel should not go outside the record or use inflammatory language in order to obtain a verdict from the jury. City of Waco v. Odle (Tex. Civ. App.) 258 S. W. 559; Bruyere v. Liberty Nat. Bank (Tex. Civ. App.) 262 S. W. 844; G., C. & S. F. Ry. Co. v. Scott, 7 Tex. Civ. App. 619, 26 S. W. 998; Kirby Lumber Co. v. Youngblood (Tex. Civ. App.) 192 S. W. 1106; Moss v. Sanger Bros., 75 Tex. 321, 12 S. W. 619.

We have examined the other assignments of error presented by appellants, and same are overruled.

For the errors above indicated, the judgment of the trial court is reversed, and the cause remanded.