**BELL et ux. v. NEW JERSEY INS. CO.**

No. 13787.

Court of Civil Appeals of Texas. Fort Worth.

Sept. 16, 1938.

Rehearing Denied Nov. 4, 1938.

T. W. Dunn, Julien C. Hyer, and A. W. Christian, all of Fort Worth, for plaintiffs in error.

Thompson, Knight, Baker, Harris & Wright and Ben F. Vaughan, Jr., all of Dallas, for defendant in error.

DUNKLIN, Chief Justice.

J. D. Bell and wife, Ella J. Bell, have prosecuted this writ of error from a judgment denying them a recovery against the defendant, New Jersey Insurance Company, on a fire insurance policy issued by it, covering a dwelling house owned by the plaintiffs.

It was alleged in plaintiffs' petition that the policy sued on was in the sum of $2,900, and that the improvements were wholly destroyed by fire during the life of the policy. In the alternative, it was alleged that if the improvements were not a total loss, then they were damaged in the sum of $2,900.

Upon the trial of the case, the jury found that there was not a total loss, but that the improvements were damaged in the sum of $2,900. There were other findings, by reason of which the court denied plaintiffs any recovery. It becomes unnecessary to notice the legal effect of those findings, since they are unchallenged on this appeal, and the only assignments of error presented for a reversal of the judgment are based upon allegations of misconduct of the jury and an oral instruction of the court incidental thereto.

The misconduct alleged and shown consisted of an unauthorized intrusion in the jury room of one G. E. Knowles during the deliberations of the other twelve jurors, and the taking part by him in the deliberations of the jury while considering their answer to the issue as to whether or not there was a total loss of the building, as the result of the fire. Knowles was on the regular panel of the jury for the week, but was not selected as one of the jurors to try the case, there being a full jury of twelve. After the jury retired to consider their verdict, they discovered the presence of Knowles and objected to his presence in the jury room, and protested to him that he had no right there. In reply Knowles insisted that he was a member of the jury and had the same right to sit as the rest of the jurors, and further stated, in substance, that the house was not a total loss, unless it was reduced to ashes, with no foundation left.

The jury then called the sheriff and sent word to the trial judge, protesting the presence of Knowles in the jury room. Thereupon, the judge had Knowles brought into court, where he was questioned, and he admitted that he had been present in the jury room, under the belief that he had the right so to do. He further admitted making a statement to the jury of his conclusion that there was not a total loss of the house. The trial judge then had the jury brought into court, and stated to them that Knowles, without any reason whatever, had intruded himself into the jury room and had taken part in the discussion of one of the issues submitted, and propounded to them the question whether or not anything Knowles had said had influenced or would influence them in rendering their verdict, to which the jurors, in unison, answered: "None whatever—None—No, sir—None by me— No, sir, no, sir." The court then instructed them orally not to take into consideration anything Knowles had said in their de-

liberations. Counsel for plaintiffs objected to all of that proceeding, including the oral instructions so given by the court.

In plaintiffs' motion for a new trial, one of the grounds alleged was misconduct of the jury, growing out of Knowles' presence in the jury room and what he had said to the jury, as noted above, all of which was established by the testimony of eight of the jurors, who were introduced on a hearing of the motion, and all of whom testified on that hearing to the unauthorized intrusion of Knowles into the jury room; and the part taken by him in the discussion of the issue of total loss. After that hearing, the motion for a new trial was overruled.

■ As shown by a bill of exception, counsel for plaintiffs was present when Knowles was brought into the court and before the jury was sent for, and heard Knowles admit that he had intruded himself into the jury room after they had retired to consider their verdict and had there expressed his opinion to the jury that the house was not a total loss, as a result of the fire. After being so informed, counsel for plaintiffs did not request the court to declare a mistrial by reason of such action on the part of Knowles, thus electing to take chances for a verdict in plaintiffs' favor. By reason of such action, they waived their right now to complain of reversible error, by reason of said action on the part of Knowles.

Many authorities might be cited which amply sustain this conclusion, among which are the following: Allala v. A. N. Tandy & Sons, San Antonio Court of Civil Appeals, 59 S.W.2d 205, approved in opinion by Supreme Court reported in 127 Tex. 148, 92 S.W.2d 227; Wolf v. Wolf, Tex.Civ.App., 269 S.W. 488, writ dismissed; Scales v. Lindsay, Tex.Civ.App., 43 S.W.2d 286, writ dismissed; Harmon v. Ketchum, Tex.Civ.App., 299 S.W. 682, writ dismissed; Carter v. Guaranty State Bank, Tex.Civ.App., 262 S.W. 108; White v. Haynes, Tex.Civ.App., 60 S.W.2d 275, writ dismissed; Speer's Law of Special Issues in Texas, page 539.

■ Furthermore, there is no showing in the record of probable injury to plaintiffs, as the result of the intrusion of Knowles into the jury room and his remarks to the jury, to the effect that plaintiffs had not sustained a total loss of their dwelling house, because: First, there is no statement of facts in the record showing any evidence that would have supported a finding that the house was in fact wholly destroyed; second, there was a finding that although the house was not wholly destroyed, it was damaged in the sum of $2,900, which was the full amount of insurance stipulated in the policy, and therefore the full amount recoverable for a total loss of the property; third, no complaint is made of the action of the court·in denying plaintiffs a recovery for the partial loss, independently of the issue of total loss. Therefore, the action of Knowles would be immaterial and harmless error at all events. Day v. Gulf, C. & S. F. Ry. Co., Tex.Civ.App., 297 S.W. 501; Dennis v. Neal, Tex.Civ.App., 71 S.W. 387; Turner v. Texas Electric Service Co., Tex.Civ.App., 77 S.W.2d 728; Teston v. Root, Tex.Civ.App., 95 S.W.2d 524; Travis v. Pratt, Tex.Civ.App., 254 S.W. 506; San Antonio Traction Co. v. Settle, 104 Tex. 142, 135 S.W. 116; Emberlin v. Wichita Falls Ry. Co., Tex.Com.App., Sect. B., 284 S.W. 539; McCormick v. Southwestern Bell Telephone Co., Tex.Civ.App., 36 S.W.2d 1082; R.C.S. Art. 2234; International-G. N. Ry. Co. v. Cooper, Tex.Com.App., 1 S.W.2d 578; Elliott-Greer Co. v. Martin, Tex. Civ.App., 54 S.W.2d 1068.

■ Nor was there any possible harm to plaintiffs or reversible error shown as the result of the oral instruction by the court to the jury, that in their further deliberations they must wholly disregard the statement made by Knowles to the jury, to the effect that there was not a total loss of the house. While that instruction was not given in answer to any request of the jury, it did not purport to embody any principle of law applicable to the issues of fact involved in this case. It was merely admonitory and a reiteration of the instructions already given in the court's charge to determine the issues submitted solely from the evidence introduced, and was therefore not forbidden by Article 2198, Rev.Civ.St., requiring further instructions to the jury to be given in writing. Gillham v. St. Louis S. W. Ry. Co., Tex.Civ.App., 241 S.W. 512; St. Louis, S. F. & T. Ry. Co. v. Allen, Tex.Civ.App., 296 S.W. 950; Houston Belt & Terminal Ry. Co. v. Davis, Tex.Civ.App., 19 S.W.2d 77; Farmers' Nat. Bank v. Wallace & Co., Tex.Civ. App., 263 S.W. 1105; Thompson v. Cald-

well, Tex.Civ.App., 22 S.W.2d 720; Varn v. Gonzales, Tex.Civ.App., 193 S.W. 1132; Luse v. Beard, Tex.Civ.App., 252 S.W. 243.

Appellants invoke the provisions of Arts. 2194 to 2198, inclusive, forbidding any communication to the jury by anyone on any subject connected with the trial, except the trial judge, and by him only when further instruction is requested by the jury, and requiring additional instructions to be given in writing and in open court.

Several decisions are cited, reversing judgments because of proceedings in violation of the provisions of some of those statutes. The leading case is Texas Midland Ry. Co. v. Byrd, 102 Tex. 263, 115 S.W. 1163, 20 L.R.A.,N.S., 429, 20 Ann. Cas. 137, in which the judgment of the trial court was reversed because of misconduct of the judge in having more than one conference with the foreman of the jury after they had begun consideration of their verdict, which was not in open court with all the jury present. We quote the following from the opinion of Chief Justice Gaines in that case [page 1164]: "It is not a question simply of the misconduct of the jury, and of whether such misconduct would probably influence the verdict, but it was a question of the misconduct of the court, and the propriety of allowing a judgment to stand after such action on the court's part. It seems to us that in deciding this question we are not required to enter into a discussion of the question of how a conference between the judge and the foreman would have affected a verdict if at all."

The statutes noted above are then cited, following which this was said: "The obvious purpose of this is that counsel may be present and see that the conference is proper, and, if not, may take a bill of exception to the action of the court. It seems to us, therefore, that it is error for the judge to confer with the jury in any other manner than that prescribed by law, and that if he does, his judgment on that account ought to be reversed."

In Kilgore v. Moore, 14 Tex.Civ.App. 20, 36 S.W. 317, the judgment was reversed because the deputy clerk was permitted by the court at the request of the jury to go into the jury room and take down on the typewriter the answers of the jury to issues submitted.

In Holliday v. Sampson, 42 Tex.Civ.App. 364, 95 S.W. 643, a reversal of the judgment resulted from the action of the judge in going into the jury room during their deliberations upon the case, and there explaining to them the purport of certain depositions that had been introduced in evidence.

In Parker v. Bailey, Tex.Com.App., 15 S.W.2d 1033, a reversal of the judgment followed for oral instruction to the foreman of the jury out of the presence of the jury, to return to the jury room and reach a verdict, if possible, as it was desirable that a verdict be had. But in the opinion of the Commission of Appeals in that case, this was said [page 1035]: "It may be that a proper interpretation of the statute would make it apply in its strictness only to those communications touching the disposition of the case. It might not be within the reason of the law to make the statute apply to those communications affirmatively shown not to affect the case. This we do not decide. * * * As indicated in the case of Texas, etc., Co. v. Byrd, supra, it is a matter of such public concern that the courts will not permit an inquiry into the probable effect of a violation of the statute. When the fact is established it is conclusively presumed, by reason of the statute itself, that a fair trial has not been had and evidence should not be heard to the contrary."

In Belser v. Achley, Tex.Civ.App., 57 S.W.2d 278, a like conclusion was reached by reason of oral instruction to the foreman of the jury not in the hearing of the other members.

In Humble Pipe Line Co. v. Kincaid, Tex.Civ.App., 19 S.W.2d 144, the judgment was reversed on account of oral instruction from the court as to the meaning of certain language in the court's charge.

In Gerneth v. Galbraith Foxworth Lumber Co., Tex.Com.App., 38 S.W.2d 775, and Smith v. Harris, Tex.Civ.App., 252 S.W. 836, judgments were reversed by reason of the fact that the trial judges went into the jury room and there communicated with the jury, without the presence or knowledge of appellant's counsel.

Fort Worth Structural Steel Co. v. Griffin, Tex.Civ.App., 63 S.W.2d 887, shows a reversal of the judgment because the

court sent to the jury room certain additional instructions in obedience to a request for further instructions, without the jury having been brought into court to receive the same.

In none of those cases was the question of waiver of right of appellant to complain of misconduct of the jury or court, by failure to withdraw announcement of ready for trial, and move for a discharge of the jury and continuance of the case to another term of court, after being informed of such misconduct and before a return of the verdict. For that reason, those cases are properly distinguishable from this, and also the decisions cited above supporting our conclusion of such waiver.

In City of Waco v. Craven, Tex.Civ. App., 54 S.W.2d 883, also cited by appellant, the judgment was reversed because the judge went into the jury room and for 3 or 5 minutes there discussed the probability of a verdict being reached, all without the knowledge or consent of counsel for appellant. Immediately upon learning of such action, and before the verdict was returned, counsel for appellant moved for a discharge of the jury and a continuance of the case for another trial. And in the opinion it was pointed out that there had been no waiver of the right to complain on appeal of such communication by the judge with the jury.

For the reasons noted, all assignments of error presented are overruled, and the judgment is affirmed.