SECURITY LIFE INS. CO. OF AMERICA v. STEPHENSON et ux.†

(Court of Civil Appeals of Texas. April 13, 1911. Rehearing Denied May 11, 1911.)

1. INSURANCE (§ 187*)—LIFE INSURANCE—SOLICITING AGENT—AUTHORITY.

Where a soliciting agent of an insurance company was authorized to take notes in settlement for the first year's premium at the time of taking applications for insurance and to make settlements in his own name in any manner he saw proper, provided he settled with the company for its share within 60 days, the agent being entitled to 75 per cent. of the first premium on the insurance written, such agent had apparent authority to accept notes for less than the full amount of the usual first premium on taking applications.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 399–401; Dec. Dig. § 187.*]

2. INSURANCE (§ 93*)—FRAUD OF AGENT—LIABILITY OF COMPANY—NOTES FOR PREMIUMS—TRANSFER.

Where a life insurance agent, with authority to accept notes for less than the first annual premium in settlement, prior to the issuance of

policies contracted for, represented to the insured that the company would issue the policies applied for, and thereby secured insured's promissory notes, knowing that one of the policies would not be issued, and afterwards transferred the notes to an innocent purchaser for value, he thereby perpetrated a fraud on the insured for which the insurance company was responsible under the rule that an agent acting within the apparent scope of his authority binds his principal, and, if when so acting he perpetrates a fraud on the other party, the principal is liable.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 123; Dec. Dig. § 93.*]

3. INSURANCE (§ 198*)—APPLICATION—REJECTION OF POLICY—RECOVERY OF PREMIUM.
Where defendant S. applied for a $50,000 policy, and executed a negotiable note to the agent for a part of the premium which the agent transferred before maturity to an innocent holder, and the company refused to write more than $20,000 on insured's life, insured was entitled to reject the policy for $20,000, and, having done so, to demand the protection of the insurance company against liability on the note.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 457–467; Dec. Dig. § 198.*]

4. INSURANCE (§ 198*)—PREMIUM NOTES—NEGOTIATION—DAMAGES.
Defendant S. applied for a $50,000 policy on his life, and his wife applied for a policy of $5,000 on her life; S. executing at the agent, at the time of the application, a note for $930.50 to cover his first premium, and his wife a similar note for $150 on her policy. These notes the agent at once negotiated. The insurance company refused to issue $50,000 on the life of S., but offered a $20,000 policy and accepted the application on the life of the wife. Both policies, however, were refused by the applicants. The agent returned $86.70, the difference between what had been realized from the sale of the note for $930.50 and the first premium at the regular rate for a $20,000 policy, agreeing to place the other $30,000 in another company. S. paid the amount so returned to the holder of the note given by his wife, receiving credit therefor, whereupon the holder of the notes instituted suit thereon in which defendants S. and wife prayed judgment over against the insurance company. *Held*, that defendant S. being entitled to recover the principal, interest, and attorney's fees which he had been compelled to pay the holder of the note for $930.50, less the amount returned by the agent, such amount should have been deducted from the judgment in favor of defendant S. against the insurance company without a plea of payment pro tanto.

[Ed. Note.—For other cases, see Insurance, Dec. Dig. § 198.*]

Appeal from District Court, Montague County; Clem B. Potter, Judge.

Action by J. G. Clark against D. A. Stephenson and wife, in which the Security Life Insurance Company of America was made a party defendant at the instance of the defendants Stephenson, and a recovery over, demanded against it in case of judgment for plaintiff. Judgment was rendered for plaintiff and for defendants Stephenson against the Insurance Company, and it appeals. Affirmed.

F. W. Bull and Speer & Weldon, for appellant. W. S. Jameson, J. M. Chambers, and W. T. Russell, for appellees.

HODGES, J. The judgment from which this appeal is prosecuted was rendered in a suit instituted by J. G. Clark, one of the appellees, against D. A. Stephenson and wife, Nellie Stephenson, on two promissory notes dated September 11, 1907, and payable to E. D. Noe. One of the notes was for the sum of $930.50, signed by D. A. Stephenson; the other was for $150, signed by Mrs. Stephenson alone. The petition admitted that the smaller note was entitled to a credit of $86.70. At the instance of the Stephensons the appellant, Security Life Insurance Company of America, was made a party defendant in the court below upon the allegation of facts which, if true, would entitle them to a judgment over against the appellant in the event Clark recovered against them. In a trial before the court judgment was rendered in favor of Mrs. Stephenson on the $150 note, and in favor of Clark against D. A. Stephenson for the entire indebtedness, amounting to $1,474.50, including principal, interest, and attorney's fees; and in favor of Stephenson over against the appellant for the sum of $1,270. The appellant, Security Life Insurance Company of America, alone has appealed.

The only complaint made is that the court erred in rendering the judgment he did in favor of Stephenson over against the appellant. Among the various reasons assigned are the following: That the judgment was contrary to the law and the evidence; that Noe, as the agent of the appellant, exceeded his authority and went beyond the apparent scope thereof in making the contract with Stephenson to issue him a policy of insurance for less than the usual annual premium; and because of the failure to allow appellant a credit of $86.70, a sum refunded by Noe, as a part of what he had received when he transferred the notes.

From the findings of the court and the record we gather substantially the following facts: At the time the notes sued on were executed, E. D. Noe was the agent of the appellant for the purpose of soliciting life insurance in this state. He took an application for insurance from D. A. Stephenson for a policy in the appellant company for the sum of $50,000, stipulating for the payment of an annual premium of $1,861. At the time of taking this application, Noe entered into an agreement with Stephenson by which he accepted the latter's personal negotiable promissory note, due some time thereafter, for the sum of $930.50, in full payment of the first premium. Noe also on the same date took the application of Mrs. Stephenson for a policy in the appellant company for the sum of $5,000, stipulating for the payment of an annual premium of $294, and accepted her promissory note for the sum of $150 as payment of the first premium. Stephenson testified that these notes were not to be

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

negotiated till the policies were delivered, that Noe informed him that they were required with the applications, and that was the reason why he and his wife gave them. The notes afterwards passed by transfer into the hands of Clark, the plaintiff in the suit, before maturity. When the applications for insurance were sent in to the general office of the appellant company, it declined to issue a policy on the life of Stephenson for the amount of $50,000, and without consulting him wrote and sent him one for $20,000. Noe, the agent, who seems to have been the party who sent the policy, explained at the time that $20,000 was the maximum his company would issue, advised Stephenson that he would undertake to place the remaining $30,000 in some other company, and expressed a hope that he would accept the $20,000 policy. The policy on the life of Mrs. Stephenson was in accordance with the terms agreed upon. Both policies were refused by Stephenson and his wife. The reason assigned was that they wanted both or neither; that, inasmuch as the policy for $50,000 was not issued according to the agreement with Noe, they would not accept the other. When the notes matured, payment was refused, and this suit followed.

[1, 2] From the evidence it is clear that Noe had the authority to solicit insurance as the agent of the appellant, to collect the first premiums, and to take notes in lieu of money. But counsel for appellant contend that he could not accept less than the full amount of the usual premiums; that such an act was beyond the apparent scope of his authority, and, for that reason, not binding upon the principal. If there was any evidence in this record to indicate that there was a limitation upon the authority of the agent to accept less than a certain premium rate, that proposition might contain some force. Such, however, is not the case. The rule seems to be that an agent acting within the apparent scope of his authority binds his principal; and, if while thus acting the agent perpetrates a fraud upon the other party, the principal may be held responsible therefor. If Noe represented to Stephenson that his company would issue to him a policy on his life for $50,000, and thereby secured from Stephenson his negotiable promissory note, knowing that the policy would not be issued, and afterwards transferred the note to an innocent holder, he perpetrated a fraud of which Stephenson had a right to complain. For the consequences of this fraud the appellant is liable, unless it can be said that Noe was not at the time acting within the apparent scope of his authority. German Ins. Co. v. Gibbs, 42 Tex. Civ. App. 407, 92 S. W. 1068, 96 S. W. 760; McKay v. N. Y. Life Ins. Co., 124 Cal. 270, 56 Pac. 1112; Mutual Reserve Life Ins. Co. v. Seidel, 52 Tex. Civ. App. 278, 113 S. W. 945; Teutonia v. Ewing, 90 Fed. 217, 32 C. C. A. 583.

[3] It is not contended that Stephenson was legally bound to accept the $20,000 policy as a compliance with his application for a $50,000 policy. If he had the right to reject the $20,000 policy as no compliance with his application, and did so, then it follows logically that he had a right to have his note returned. If this had been negotiated so that it could not be returned and canceled, he had then the right to demand protection against liability on it in the hands of an innocent purchaser. The question then is: Who, in this instance, was the responsible party? Was it the appellant, or should Stephenson be required to look alone to Noe, the agent? Noe was at the time the representative of the appellant; what he did was actually and ostensibly done in his representative capacity. Had he taken a note for the full amount of the premium, under the authority which the testimony here shows he possessed, there would hardly be any question as to the appellant's liability to Stephenson for indemnity against payment. Mutual Reserve Life Ins. Co. v. Seidel, supra; N. Y. Life Ins. Co. v. Baese, 31 S. W. 824; Godfrey v. N. Y. Life Ins. Co., 70 Minn. 224, 73 N. W. 1; 1 Cooley's Briefs on Ins. pp. 487, 488. If that liability did not exist in this instance, it must be for the reason that the note taken by Noe from Stephenson was for a sum less than what the evidence shows the annual premiums were, and that this was notice to Stephenson that Noe was exceeding his authority. E. L. Williams, who was at the time of this transaction appellant's general manager for its Southern department, including Texas, testified as follows: "During the year 1907 E. D. Noe had a contract to solicit life insurance in Texas, and to take settlements for same. Soliciting agents were permitted by the company to take notes in settlement for the first year's premium at the time of taking the applications for insurance; but all settlements were to be taken in his own name, making such settlements as he saw proper, with the understanding that he settle the nets due the company within 60 days. We permitted the agents under me to do business that way. The contract we had with Mr. Noe was a commission contract calling for 75 per cent. on the insurance written. He had authority to take notes or any other settlement that he saw fit, just so he settled the nets due the company for the first year's premium." From this it appears that Noe had authority to make such contracts as he saw proper regarding the first year's premium, so he accounted to the company for its part within 60 days. Noe also testified that his commissions were 75 per cent. of the first year's premiums, and that in making this contract with Stephenson he made the reduction out of his commission; that he intended to account to the company for its full proportion of the net proceeds. It is also shown that the appellant did re-

ceive from the sale of this note its proportion of the premium due upon the policy for $20,000 issued by him at the regular rate; that at the time of the trial it still retained that amount and made no offer to refund. There was testimony tending to show that it had notice of the real transaction between Stephenson and Noe long before the notes matured, and retained the money after having acquired such knowledge. Under the circumstances of this case, we think a judgment in favor of Stephenson against the appellant was justified by the evidence.

[4] The testimony shows that after Stephenson refused to accept the policy for $20,000 which Noe had sent him with the promise to place the other $30,000 with some other company, Noe returned the sum of $86.70; that being the difference between what had been realized from the sale of the note for $930.50 and the first premium, at the regular rate, charged for the $20,000 policy. Stephenson paid that sum on the note that had been given by his wife, and the credit as such was allowed in his favor in the judgment recovered against him by Clark. In his action over against the appellant, Stephenson was entitled to recover what he had been damaged by the negotiation of his note for $930.50. That damage amounted to the principal, interest, and attorney's fees which he was compelled to pay Clark, less whatever sum Noe had returned. Therefore the $86.70 should have been deducted by the court from the amount of the judgment rendered in Stephenson's favor. It was not necessary to plead payment of that sum in order that appellant might be entitled to that deduction. Its general denial put in issue all of the damages claimed by Stephenson, and the proof showed the proper sum for which judgment should have been rendered.

The judgment will therefore be reformed so as to allow that credit, and, as reformed, is affirmed. The costs of the appeal are adjudged against the appellee Stephenson.