## NATIONAL CASUALTY CO. v. ARBETTER.
### (No. 7028.)*

(Court of Civil Appeals of Texas. San Antonio. Nov. 21, 1923. Rehearing Denied Dec. 12, 1923.)

Insurance ☞390—Insurer held estopped to deny validity on ground of misrepresentations.

Insurer's failure to give insured notice that it refused to be bound by the policy because of misrepresentations in application within 90 days after discovery thereof *held* to estop it from denying liability on policy by reason of misrepresentations under Rev. St. art. 4948, making defense based upon misrepresentations not valid unless insurer shall have given the insured such notice within such time after discovery thereof.

Appeal from District Court, Bexar County; Robt. W. B. Terrell, Judge.

Suit by Isadore Arbetter against the National Casualty Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Birkhead & Lang, Judge F. Stevens, and Werner N. Beckmann, all of San Antonio, for appellant.

Chambers, Watson & Johnson, of San Antonio, for appellee.

COBBS, J. Appellee sued appellant to recover the sum of $990, with 6 per cent. interest, 12 per cent. penalty, and $250 attorney's fees, alleged to be due by reason of a certain health and accident insurance poli-

cy issued by appellant to appellee; and the application for insurance was attached to the policy and made a part of the petition.

The defense was by general demurrer and special exceptions, and general denial and special answer, specially defending on the ground that the appellee had made false statements in his application for insurance, and that the said insurance would not have been issued if appellant had known the statements were false, and that within a reasonable time after ascertaining that the statements were false it canceled the policy, and for that reason appellant was under no obligation to pay appellee the indemnity called for.

By reply appellee alleged the appellant had notice of the defects in the application for insurance, because the same had been revealed to appellant's agent, though the same did not appear in the application, and that the appellant was thereby charged with notice of such omissions in said application.

Appellant answered that the agent did not have authority to waive any of the requirements of the contract for insurance, and that it had no knowledge that the application did not contain all of the facts required by the contract, and that appellee's failure to so divulge the same in the application voided the contract.

The cause was submitted to the court without the intervention of a jury, and judgment was rendered in favor of appellee against appellant for $925.80.

Before addressing ourselves to the questions of law raised by the appellant, we shall make a brief statement of the facts as found by the trial court.

The appellant is a corporation, incorporated under the laws of the state of Michigan, having in San Antonio C. H. Tatum as its agent and district manager. On the 1st day of January, 1921, appellant made application for insurance through said agent in said company, paying the sum of $75.60 for a year's premium in advance. There was a provision in the application, as follows:

"I hereby apply for a policy to be based upon the following statements of fact, which I warrant to be true and binding upon me, * * * and if any of the answers or material statements made are not true, then the contract shall be null and void, * * * and the company shall not be bound by any statements made to or knowledge acquired by agents or solicitors."

The court found as follows in its third finding:

"I find that said plaintiff, I. Arbetter, at the time of making said application made a full and complete detailed answer to all questions contained in said application to defendant's agent and district manager, C. H. Tatum, but that said application failed to detail all of the illnesses suffered by said plaintiff prior to the date of said application, giving one instance in 1915, and failed to give an illness of date May 19, 1918, one of November 26, 1918, and one of September 1, 1919. That said application failed to contain said data because defendant's agent and district manager, C. H. Tatum, stated that the one instance detailed was sufficient as defendant maintained an inspection department and would have access to such facts because of plaintiff having collected compensation on same, and that there was not sufficient space on the application to give the other details. That in failing to insert the other instances of disability in said application the plaintiff acted in good faith and without any intent to defraud. That said agent and district manager, C. H. Tatum, also acted in good faith and without intent to defraud, and that at said time said agent and district manager was in possession and had a full knowledge of all the facts in reference to said question and in reference to the other questions propounded in said application."

The policy was issued on January 21, 1921, and delivered to appellee. On the 15th day of May, 1921, appellee became totally disabled on account of boils on his body, and remained in bed from the 16th day of May until about the 15th day of June, and was confined in his house until the 29th day of October, 1921.

Appellant gave no notice of its refusal to be bound by the policy until on or about the 20th day of August, 1921, after it had received notice of appellee's illness.

The court found that the prior illness of appellee was well known to C. H. Tatum, material to the risk of appellant. Appellant did not give notice to appellee of the discovery of the falsity of the answers until more than 90 days after the same was discovered by it.

The assignments of error attack the judgment of the court in many different ways. It is not necessary to detail each assignment, for they are based upon the general proposition that the imputed notice through the agent to appellant was unavailing to charge the appellant with any liability, because the express provision of the application was a limitation upon the agent, which bound appellee that if any of the answers or material statements made are not true then the contract shall be null and void. In this connection, it is undisputed that when appellee was making his application he stated to Tatum his previous sickness, and Tatum advised him it would not be necessary to make more than the one statement of his illness, which he did, for two reasons, in effect: That the application was too short in which to write them all out fully, and besides they were not necessary in filling out the application, as per the finding of the court; and that the insurance company had in its possession, or accessible to it, all such data, because on account of such previous illness the appellee had collected compensation.

It will be noticed here that no fraud

was perpetrated or attempted to be perpetrated by the appellee or by appellant's agent in securing this insurance. The appellee was attempting to make no concealment; he was making a full statement to the agent to be written into the application, and was deterred from so doing by the act of appellant's agent. We are not disposed to interfere with the finding of the trial court on the facts.

It is to be observed that there is no evidence in this case indicating in any way that the previous illness of appellee, mentioned to appellant's agent and not disclosed in the application, actually contributed to the contingency on which the policy became due and payable.

Our attention has been called by argument of appellee to question No. 10 in the application, answered as follows: "I have Yes never received indemnity for accident or illness, except as herein stated." It will be noted that the word "Yes" is written above and in the middle of the sentence, which is tantamount to saying, "I have received other indemnity for accident or illness other than those herein stated." This tends to show, and supports the finding of the court, that the appellant was in possession of notice in writing of the previous illness other than that disclosed. This fact is disclosed in answers 10 and 13 on the face of the application.

We have discussed heretofore the subject which is somewhat applicable here, in the case of Southern Surety Co. v. Butler (Tex. Civ. App.) 247 S. W. 611; Ins. Co. v. Hill (Tex. Civ. App.) 127 S. W. 290; Manhattan Life Ins. Co. v. Stubbs (Tex. Com. App.) 234 S. W. 1099.

It is the contention of appellant that the authorities cited in Southern Surety Co. v. Butler, supra, were rendered long prior to the Act of 1909, article 4968, R. S., which provides, among other things, the agent shall not have power to waive, change, or alter any of the terms or conditions of the application. We are not discussing the questions of the change, or the conditions, of the application for a policy which requires the applicant to make full statement.

In this case he did make full statement of all the facts, and was anxious to have them written in the application, and was prevented from so doing by appellant's agent, who was authorized to receive such application, and the appellee was misled by the act of the agent and his advice to the effect that all of that information was in the possession of the appellant at the time, regarding previous illness for which he had received compensation.

More than 90 days had elapsed since such notice was given appellant of the prior illness and insurance collected by appellee, and it at no time canceled or notified appellee it would not be bound by the policy. It continued and permitted the same to remain in full force and effect until appellee notified appellant of his illness and demanded the payment in accordance with the terms of the policy. And having such notice, the appellant is clearly estopped from asserting any right to defeat the appellee's claim.

It seems that the defense is narrowed down to the question of a fraudulent representation and the failure to make the statement in the written application. Obviously, as a matter of fact too, there is no question of fraud in so far as the act and conduct of the appellee is concerned in regard to the matter; and the defense, if at all, would only prevail upon the ground that the agent left it out of the application after the information had been given to him. Article 4948, R. S.; Southern Surety Co. v. Butler (Tex. Civ. App.) 247 S. W. 611; Delaware Ins. Co. v. Hill (Tex. Civ. App.) 127 S. W. 283; Manhattan Ins. Co. v. Stubbs (Tex. Civ. App.) 234 S. W. 1099.

It was shown and so found by the court upon sufficient evidence, and not denied, that applicant was deterred from giving more than one instance of his sickness in 1918 and 1919, among other things, because appellant maintained an inspection department and had access to such facts relating to his previous sickness as were omitted from the application because there was not sufficient space on the application, according to appellant's agent, to give the details of facts just as accessible to appellant as if in the application itself. If the insurance company had this knowledge, which the court found it did have, by other available means, it did not act timely in rejecting the application.

If we are mistaken in saying the appellee committed no fraud in fact, for the reason that all the information was given to the agent at the time to be written in the application, which the agent caused appellee not to do, yet the appellant had sufficient notice in time to act upon and did not do so within the 90-day period, so that it does not appear that appellant's situation was changed in any way thereby, or that the previous illness of appellee, communicated to the agent in the manner stated and not written in the application, in any manner contributed to the contingency on which the policy became due and payable.

We do not find any reversible error assigned and overrule all the assignments and affirm the judgment.