**PEREZ v. FORT WORTH MUT. BENEV. ASS'N. (No. 7700.)**

(Court of Civil Appeals of Texas. San Antonio. Feb. 9, 1927.)

**I. Insurance ⟳720—Insurance contract is complete without delivery of certificates.**

Contract of insurance is complete without delivery of certificates.

**2. Insurance ⟳136(I)—Policy cannot be forfeited because of insurer's failure to deliver it.**

Forfeiture of insurance policy cannot be declared because insurer failed or refused to deliver it.

**3. Insurance ⟳136(I)—Insured is not bound by terms of policies never delivered.**

Insured cannot be held bound by terms of policies never delivered to him, though he had paid for them.

**4. Insurance ⟳141(I)—Equity will set aside forfeiture of policy, procured by insurer's neglect, concealment, or fraud.**

Court of equity will set aside forfeiture of insurance policy, brought about by insurer's neglect, concealment, or fraud, and permit recovery of such damage as may have arisen from insured's ignorance.

**5. Insurance ⟳730½—Whether forfeiture of certificates was brought about by insurer's neglect, concealment, or fraud held for jury.**

Whether forfeiture of insurance certificates by insurer was brought about by its neglect, concealment, or fraud *held* for jury, in action thereon.

**6. Insurance ⟳730½—Evidence that insurer's agent told insured no dues would be demanded held admissible in action on canceled certificates.**

In action on insurance certificates, canceled by mutual benefit association before any dues accrued for nondelivery, evidence that defendant's agent told insured that no dues would be demanded *held* admissible.

---

⟳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**7. Insurance ⟷730½—Measure of damages for wrongful cancellation of benefit certificates is amount thereof, less death assessments and dues during insured's life.**

Measure of damages, in action on insurance policies canceled by mutual benefit association before accrual of dues for nondelivery, would be amount of certificates, less amount of assessments for deaths, and amount of semiannual dues during insured's life; value of policies being pecuniary loss sustained by beneficiary.

Appeal from District Court, Willacy County; A. M. Kent, Judge.

Action by Hilaria Perez against the Fort Worth Mutual Benevolent Association. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

A. B. Crane, of Raymondville, for appellant.

Hart & Cogdell, of Raymondville, for appellee.

FLY, C. J. This is a suit by appellant on three policies of insurance in the appellee association, a mutual benefit insurance corporation, issued to Eutiquio Perez, the husband of appellant, who had died on January 10, 1926. The cause was heard by a jury, but a verdict in favor of appellee was instructed by the court.

The court found that the certificates or policies of insurance provided for the semiannual payment of dues, and that the insured had paid no dues and no other money, except the payment made in March, 1924, when the certificates were issued, up to the time of his death in January, 1926. The certificates specified that a failure to pay the semiannual dues would cause a forfeiture of the certificates. The certificates show that, upon the death of a member, each member would be assessed a certain sum, and upon a failure to pay any semiannual dues the member "shall forfeit all claims as a member of this association."

It appears from the testimony of Mrs. Olive Anglin, who was the bookkeeper for appellee in San Benito, at the time that the three certificates were prepared for Eutiquio Perez in 1924, that he could not speak or read English, and that he did not understand anything in the certificates; and the witness admitted that there were certain parts of them that she did not understand. No death assessments were ever made on Perez. The witness swore that the certificates were never delivered to Perez, and they were canceled because they were never delivered. They were canceled before any dues accrued. No reason was given for a failure to deliver the certificates, but because of such failure to deliver the policies were arbitrarily canceled. Appellee did not return the money paid by deceased, Perez, when he applied for and obtained insurance.

[1-5] The contract between the insured and appellee was complete without delivery of the certificates. Joyce, Ins. § 90; Blake v. Ins. Co., 67 Tex. 160, 2 S. W. 368, 60 Am. Rep. 15; Bishop v. Grand Lodge, etc., 112 N. Y. 632, 20 N. E. 562. It is without a precedent, so far as known to this court, that a forfeiture of an insurance policy should be declared because the insurer failed or refused to deliver the policy. It is not claimed that the deceased or appellant was responsible for the failure to deliver the policies, but we have a naked declaration of forfeiture because appellee failed to perform its duty of delivery. The facts given by the agent for appellee disclose a case of accepting the money and promising policies to a Mexican, unacquainted with the English language; without an explanation of the terms of the policy or what was expected or demanded of the insured. No assessments were ever demanded of Perez and no dues sought. It seems that on March 4, 1924, application was made by Eutiquio Perez for membership in appellee, Fort Worth Mutual Benevolent Association, and that he paid the sum of $22.50 to appellee. Under the terms of the certificates, no dues were payable before July 4, 1924, and yet before May 27, 1924, all the certificates had been canceled. No assessments were ever made or dues demanded from Perez. The insured could not be held bound by the terms of policies which were never delivered to him, although he had paid for them. If the forfeiture was brought about by the neglect, concealment, or fraud upon the part of appellee, a court of equity would set aside the forfeiture and permit a recovery for such damage as might have arisen from the ignorance of the insured. Pomeroy Eq. Jur. § 451.

The forfeiture was not declared on the policies by appellee on account of any acts of deceased, but because appellee did not deliver the policies. The equities in the case are strong in favor of appellant, and the court should not have withdrawn the case from the jury.

[6] If silence under the circumstances did not amount to fraud and concealment, evidence was offered to show that an agent of appellee told the insured that no dues would be demanded. The court excluded that testimony, which was error.

[7] The court would not even permit a recovery of the $22.50 paid by the deceased, although the certificates had not been delivered and a forfeiture taken because they had not been delivered. The measure of damages in this cause would be the amount of the certificates, less the amount of the assessments made for deaths during the life of Eutiquio. Perez and the amount of the semiannual dues to the time of his death. Supreme Lodge v.

---

Neeley (Tex. Civ. App.) 135 S. W. 1046. The value of the policies would be the pecuniary loss sustained by the beneficiary.

The judgment is reversed and the cause remanded.