## COMMONWEALTH CASUALTY CO. v. COOGLE.

### No. 10630.

Court of Civil Appeals of Texas. Dallas. July 26, 1930.

Rehearing Denied July 29, 1930.

W. W. Hilbrant, of Dallas, for appellant.

John West and Caldwell, Gillen, Francis & Gallagher, all of Dallas, for appellee.

Per Curiam.

No opinion. Judgment affirmed.

### On Rehearing.

LOONEY, J.

On rehearing appellant insists that our decision of affirmance is necessarily in conflict with the decisions in Scott v. Brazile (Tex. Com. App.) 292 S. W. 185, and Washington County State Bank v. Central Bank & Trust Co. (Tex. Civ. App.) 168 S. W. 456; therefore request is made for a conclusion of fact and law upon the material points assigned as error. We grant the request, but dissent from the idea that the cases mentioned are in point, or that our decision is in conflict with either.

This suit had its origin in a justice court, and is based upon an accident policy alleged to have been issued by appellant through C. C. Flash, its authorized agent, indemnifying

appellee against accidental injuries caused by "septic poisoning." The evidence justifies the conclusion that appellee, within the life of the policy, was accidentally cut on the jaw by a barber while being shaved; that the wound bled at the time, and within a few days swelling began, accompanied with a burning sensation and some temperature; he was laid up several weeks, was treated by a physician for four weeks, and for that length of time was totally incapacitated from performing the work of his trade, that of carpenter. We conclude, as did the trial court, that appellee was injured and disabled for four weeks from septic poisoning incident to the accidental cut on his face, and was entitled to recover $100 indemnity ($25 per week), 12 per cent. damages, and $50 attorney fee, authorized by statute, making a total of $162, for which amount the court below gave judgment.

During the progress of the trial, appellee offered to establish, by secondary evidence, the contents of the insurance contract, it having developed that the policy was lost or misplaced and could not be produced, but was not permitted to do so because he had not alleged the loss of the instrument. Thereupon he requested and was granted permission to file a trial amendment, alleging the loss, etc., of the instrument. Appellant objected, saved the point by bill, and has properly assigned error on the action of the court in permitting appellee, during the progress of trial, to file the trial amendment.

■■ This assignment is without merit; in the first place, appellee was not required to allege the loss of the instrument as a predicate for the introduction of secondary evidence as to its contents. Having alleged its execution by appellant, on showing that its production was beyond his power, appellee was entitled to resort to secondary evidence to establish its contents. But even if, under the rules of pleading, he had been required to allege the loss of the instrument as a condition precedent to the introduction of secondary evidence, still the court would not have erred nor abused its discretion in permitting the filing of the trial amendment under the circumstances. See Western Union Teleg. Co. v. Bowen, 84 Tex. 476, 19 S. W. 554; El Paso, etc., Co. v. Buttrey (Tex. Civ. App.) 260 S. W. 897; Texas, etc., Co. v. Clark (Tex. Civ. App.) 269 S. W. 903; Rivers v. Griffin (Tex. Civ. App.) 16 S.W.(2d) 874.

■ Another contention of appellant is that, the injury complained of is not covered by the terms of the policy, in that, indemnity is provided for accidental injuries resulting from "septic poisoning," whereas the injury proven resulted from an accidental cut on the face received by appellee while being shaved by a barber.

The facts of this case are, in our opinion, clearly within the doctrine announced by this court in Francis v. International Travelers' Ass'n, reported in 260 S. W. 938. We held that infection resulting from the pulling of a tooth by a dentist was unusual and that death resulting therefrom was accidental, within the meaning of the accident policy. See the discussion and the authorities cited in that case. The judgment of this court was affirmed by the Supreme Court, after an elaborate discussion and full citation of authorities by Chief Justice Cureton. See 23 S.W.(2d) 282. We therefore overrule this contention.

Appellant insisted below and insists here that its liability was not shown, in that the insurance contract sued upon was forged by its agent C. C. Flash.

Appellee pleaded that appellant was estopped to urge this contention, because it held Flash out as its agent, with actual or apparent authority to procure applications for insurance, collect premiums and issue policies, that, relying upon the actual or apparent authority of said agent, without knowing or means of knowing that his authority was in any sense limited, appellee made application for the insurance, paid the premium for the policy that was subsequently delivered to him by said agent, and that, by reason of appellant's said conduct in clothing its agent with authority, or apparent authority, to do the things alleged, it estopped itself to deny the agency of Flash, or to repudiate his acts. The facts germane to this issue are these:

■ Appellant, a nonresident corporation, appointed C. C. Flash agent for the sale, within the territory comprising Dallas county, of its special accident and health policies, with authority to appoint and make arrangements with other agents, solicitors, and local collectors, and to solicit business and continue policies each year by the issuance of renewal receipts.

Flash obtained appellee's application for the policy in question, and, on being paid the annual premium, issued to him the following receipt: "536—Agents Receipt—Agents Receipt to be given at time application is signed. May 15, 1926, received of John D. Coogle an application for a policy in the Commonwealth Casualty Company of Philadelphia, Pa., and the sum of Ten Dollars, being payment in advance of the yearly premium upon the policy so applied for, and should said company decline to issue said policy thereon within twenty days from date hereof, I do not hereby agree to refund the amount named in this receipt to said applicant, C. C. Flash, Licensed agent in the State of Texas, No. 3245. Notice: —applicants are requested to notify the Peerless Department of the Company at Newark, New Jersey, should the policy applied for not be received within twenty days from this date, 1805 Canton Street, Dallas, Texas."

The policy not having been received within twenty days, appellee wrote calling appellant's attention to the application, the payment of premium, and the fact that the policy had not been received. Appellant answered, but mailed same to a wrong address, and so on June 18th appellee wrote again, in reply to which appellant under date of June 23, 1926, wrote to the effect that neither the application nor the premium had been received from its agent, but the matter had already been taken up with him and a satisfactory adjustment would be made within a few days. On the day preceding the receipt of this letter, Flash informed appellee that the original application had been lost and requested him to sign another, which he did, and was then assured by Flash that the policy would be delivered within ten days; in fact, the policy sued upon was delivered by Flash on the ninth day after the conversation above mentioned.

Flash was not in fact authorized by appellant to issue policies; his authority being limited to soliciting applications, forwarding same to appellant's home office, collecting premiums, and delivering policies when and as issued by appellant. Neither the application made by appellee nor the premiums collected by the agent were forwarded to appellant, and the policy delivered to appellee by Flash was not issued by appellant, but was one written on a blank policy that Flash had printed in Dallas, purporting to have been authorized and issued by appellant.

After its letter to appellee dated June 23, 1926, stating in effect that his application for the policy and the premium paid by him had not been received, but that the matter had been taken up with the agent and a satisfactory adjustment would be made within a few days, appellant communicated nothing further to appellee until his claim for indemnity was presented, although the record discloses that, as early as August 13, 1926, appellant had full knowledge of the dishonest conduct of its agent Flash, and on that date revoked his authority.

Appellee was injured in November, 1926, and on December 5th his physician, Dr. Baird, wrote appellant for blanks on which to make out and forward proof of claim, these were furnished, the claim was made out and forwarded, and on December 31, 1926, appellant wrote appellee stating that it had no record of the policy under which the claim was presented, requested appellee to forward the policy for inspection, which was done, and on January 12, 1927, definitely rejected the claim on the ground that the policy was not issued by it, that Flash was without authority, and that no premium had been paid.

These are the salient facts stated in chronological order, from which we conclude that Flash was clothed with the apparent authority of a general agent, and that his acts were binding upon appellant. See Mutual, etc., Co. v. Seidel, 52 Tex. Civ. App. 278, 113 S. W. 945; Security, etc., Co. v. Stephenson (Tex. Civ. App.) 136 S. W. 1137; Missouri, etc., Co. v. Woodson (Tex. Civ. App.) 256 S. W. 988; American Surety Co. v. North Texas Nat. Bank (Tex. Civ. App.) 14 S.W.(2d) 88, 94; Gleason v. Seaboard, etc., Co., 278 U. S. 349, 49 S. Ct. 161, 73 L. Ed. 415; 2 C. J. 849.

We also hold that appellant was estopped to repudiate the acts of Flash, or to deny his authority to represent it in regard to the matters involved. Prior to June 12, 1926, appellant was informed of appellee's application, made through its agent Flash, for the policy, and that the premium therefor had been paid. On June 23, 1926, appellant wrote appellee that the matter would be taken up with its agent and a satisfactory adjustment made, but communicated nothing further to appellee until after indemnity was claimed, although appellant knew of the fraudulent conduct of Flash prior to August 13, the date his agency was canceled. See Amarillo Nat., etc., Co. v. Brown (Tex. Civ. App.) 166 S. W. 658; Manhattan, etc., Co. v. Stubbs (Tex. Com. App.) 234 S. W. 1099; National Casualty Co. v. Arbetter (Tex. Civ. App.) 256 S. W. 617. Appellant's motion for rehearing is overruled.

Overruled.