PROTECTIVE MUT. BEN. ASS'N v.
McCUISTION et al.
No. 9171.

Court of Civil Appeals of Texas.
San Antonio.
Nov. 15, 1933.

Rehearing Denied Dec. 20, 1933.

See, also, 34 S.W.(2d) 923.

E. B. & Howell Ward, of Corpus Christi, for plaintiff in error.

Sidney P. Chandler, of Corpus Christi, for defendants in error.

FLY, Chief Justice.

This is a suit on a policy of insurance on the life of George Dee McCuistion, by his widow, Mrs. Dollie C. McCuistion, in the sum of $1,500. It was alleged that application was made for the policy on May 15, 1928, that the risk was assumed by plaintiff in error, and the policy issued and delivered to insured on June 15, 1928, and that he died on June 22, 1928, seven days after the policy was received from plaintiff in error.

The cause was submitted to a jury by the court on special issues, and upon the answers thereto judgment was rendered in favor of Nancy McCuistion, a minor, who had intervened in the case by and through her next friend and mother, Dollie McCuistion Crawford, who was the original plaintiff in the case, and against the defendant for the sum of $938.63, with interest.

It was alleged by plaintiff in error in its answer that the application for the policy of insurance upon the life of the deceased was made by his then wife, Mrs. Dollie C. McCuistion, and that the representations as to the health of the deceased made by such applicant were false and misleading. The answer also alleged that such false representations caused the issuance of said policy upon the life of the deceased. It was also answered that the policy was not delivered to or accepted by deceased in writing, as required by the terms of the policy.

In response to the special issues, the jury found that the applicant for the insurance upon the life of Geo. Dee McCuistion did not knowingly and falsely make any material misrepresentations of fact as to the condition of the health of the deceased; that the insured at the time of his medical examination did not knowingly and falsely make any misrepresentations of fact to the examining physician, Dr. North, as to the condition of his health; that plaintiff in error, by and through its duly authorized agent, had accepted George Dee McCuistion as a member of its association prior to his death; that plaintiff in error, by its actions, words, and conduct, waived the provisions in the policy pertaining to same being countersigned in ink by the person in whose name it was written; that plaintiff in error neglected to deliver the certificate of insurance to George Dee McCuistion after he had been accepted into such association; that plaintiff in error, through its agent, assured insured's wife, Dollie C. McCuistion, that the insurance was in full force and effect; that plaintiff in error, on the 22d day of June, 1928, approved the claim for the death of the insured and agreed to pay the same; that there were 742 members in good standing, at the time of the death of insured. The evidence discloses that plaintiff in error is a mutual aid association operating under the laws of the state of Texas.

■ Mrs. Jackson was the agent and secretary of the association in the city of Corpus Christi. On June 15, 1928, Mrs. Dollie C. McCuistion, the wife of George Dee McCuistion, deceased, made written application to the secretary for membership for her hus-

band in the association. That application was signed by George Dee McCuistion, by Mrs. Dollie McCuistion, his wife, and was accepted by Mrs. Jackson. On her suggestion, George McCuistion went to Dr. North, the physician of the association, and was examined by him, and he was given a certificate of good health by the doctor. One week later, that is, on June 22, McQuistion died, and, after his death, an envelope containing the certificate of his membership· in the association was received by his wife. Between the time the application was made and the time that death occurred, Mrs. McCuistion applied three times to the secretary, Mrs. Jackson, for the certificate, and on the morning of June 22, the day of McCuistion's death, Mrs. Jackson mailed the certificate. The death took place after the issuance, but before the delivery, of the certificate. In the policy, as well as in the application, was a requirement that the member should countersign the certificate before it became effective. As the certificate did not reach the member before his death, he, of course, did not countersign it, and it was in evidence that, with the knowledge of the failure of the certificate to reach the member before his death, and that therefore it was not countersigned by him, Mrs. Jackson stated that the amount of the certificate would be paid to the beneficiary, Mrs. Dollie McCuistion. However, payment was not made. · The evidence indicates that the certificate could and should have been delivered several days before the death of the member, and that it was not so delivered because of the negligence of Mrs. Jackson, the secretary of the association, whose duty it was to deliver it. She admitted that she did not deliver it because she was busy about other matters, and there was no intention to retain the certificate and not deliver it at all.

It is not contended that the evidence did not show the facts herein stated; the only serious contention on the part of the association being that the certificate was invalid because it had not been delivered to the member before his death and countersigned by him,.

It has been held by this court, as well as by other appellate courts in Texas, that the contract of insurance was complete without the delivery of the certificate to the member, and the negligence of the association in delivering the certificate could not have the effect of invalidating it. Perez v. Ft. Worth Mut. Benev. Ass'n (Tex. Civ. App.) 291 S. W. 574; Pledger v. Sovereign Camp W. O. W., 17 Tex. Civ. App. 18, 42 S. W. 653; Sovereign Camp, W. O. W., v. Dees, 45 Tex. Civ. App. 318, 100 S. W. 366. It follows that all of the propositions bearing on the question of delivery of the certificate will be overruled.

The obligation of the association was to pay $1 for each member of the association, not to exceed $1,500, and it was in evidence, and so found by the jury, that there were 742 members in the association at the time of the death of George Dee McCuistion. The judgment was rendered for $742, principal and interest thereon from June 22, 1928, the time of the death of the member; the amount of the judgment in full, principal and interest, being $938.63.

■ It is the contention of plaintiff in error that the judgment should have been for only $742, omitting any interest prior to the judgment. We overrule this contention. The amount for which the association was liable became due at the time of the death of the member, and, having failed and refused to pay the amount, plaintiff in error was liable for interest at 6 per cent. from the time that the amount of the policy became due. It was therefore no error to compute interest on the amount of $742 from the date of the death of George Dee McCuistion to the date of judgment.

This court does not sustain the judgment upon the ground of waiver of the stipulation in the certificate and application, and it therefore becomes unnecessary to pass upon the admission of the testimony in regard to such waiver. This decision is based upon the negligence of plaintiff in error in failing to deliver the certificate of membership before the death of the member.

The judgment is affirmed.