KELLEY v. NATIONAL LIFE & ACCIDENT INS. CO.

, No. 13127.

Court of Civil Appeals of Texas. Fort Worth.

April 19, 1935.

Todd & Crowley and John F. McRae, all of Fort Worth, for appellant.

A. W. Christian, of Fort Worth, for appellee.

DUNKLIN, Justice.

This suit was for alleged negligence of the agent of the National Life & Accident Insurance Company, authorized to solicit insurance for that company, in failing to forward to the company an application for life and accident insurance made by R. D. Kelley, now deceased; the suit being instituted by his surviving wife, Eva Mae Kelley, as beneficiary.

The jury found that after receipt of the application it was destroyed by L. G. McAllister, agent for the company, and never forwarded to the company at its home office in

756

Nashville, Tenn., and that such constituted negligence; and further that had the application been so forwarded the company would have accepted it on December 14, 1931, which, according to recitations in the application, would have entitled the applicant to insurance in the sum sued for.

After return of the verdict, the trial court granted the motion of the insurance company for a judgment in its favor, from which plaintiff has appealed.

By the decision of the Commission of Appeals, in the case of American Life Insurance Co. v. Nabors, 76 S.W.(2d) 497, it is definitely settled that no action will lie for negligence of an insurance company in delaying action on an application for an insurance policy. The facts of that case are on all fours with those of this case. Protective Mut. Ben. Ass'n v. McCuistion (Tex. Civ. App.) 66 S.W.(2d) 511, cited by appellant, is not in point. In that suit the beneficiary was awarded a recovery on the contract of insurance which the court held became effective before the death of the insured, even though there had been no manual delivery to him; the delay in delivery being due to oversight of the agent of the insurance company, to whom it had been sent for delivery. The suit was not based on tort but on the contract of insurance.

Accordingly, the judgment of the trial court is affirmed.