**DE GARCIA v. JOHNSON.**

No. 12650.

Court of Civil Appeals of Texas.

San Antonio.

Feb. 10, 1954.

Rehearing Denied March 10, 1954.

Farrow & Johnson, Carrizo Springs, for appellant.

Petry & Dean, Carrizo Springs, for appellee.

POPE, Justice.

Coke Johnson, the ancillary administrator of the estate of Peat Wilson, deceased, sued Elisa S. de Garcia, executrix of the estate of F. C. Garcia, deceased, on a promissory note and for foreclosure of the vendor's lien which secured the note. The trial court gave the plaintiff judgment on the note and for foreclosure of the lien. Appellant urges several points, but the main ones are, (1) that the plaintiff was not a properly appointed and qualified an-

cillary administrator, (2) that more than four years elapsed since the decedent's death and the appointment of the ancillary administrator, and (3) that the evidence did not support the trial court's judgment on a lost promissory note. We find no merit in the points.

 The purport of appellant's objection to the ancillary administrator's qualifications is that the probate record fails to reveal affirmatively that the ancillary administrator possessed the qualifications for appointment stated in Article 3357, Vernon's Ann.Civ.Stats., and particularly because Coke Johnson resides in New Mexico and can not meet the residence requirement for an administrator under that statute. Peat Wilson, the decedent, also lived in New Mexico at the time of his death. Appellee correctly replies to the point by urging that the residence requirements of Article 3357 do not apply to an ancillary administrator. "Ancillary letters should ordinarily be granted to the domiciliary representative if he applies therefor * *." 34 C.J.S., Executors and Administrators, § 992; Hare v. Pendleton, Tex.Civ.App., 214 S.W. 948. The Commission of Appeals stated in Saner-Ragley Lumber Co. v. Spivey, 238 S.W. 912, 916: "In the event of the necessity for an administration there would be no legal objections to the foreign administration coming into this state and taking out ancillary letters, provided that no administrator had been appointed here, or unless a prior unwaived right to appointment intervened to prevent it."

The point that the ancillary administration was commenced more than four years after the decedent's death is also overruled. This is a collateral attack and the four-year limitation is not jurisdictional. Nelson v. Bridge, 98 Tex. 523, 86 S.W. 7; Roberts v. Roberts, Tex.Civ.App., 165 S.W.2d 122; Martin v. Robinson, 67 Tex. 368, 3 S.W. 550. See, also, Henry v. Roe, 83 Tex. 446, 18 S.W. 806. Article 3325, Vernon's Ann.Civ.Stats., provides that the four-year limitation "shall not apply in any case where administration is necessary in order to receive or recover

funds or other property due the estate of the decedent." This case falls within that statutory exception.

The administrator asserted his cause on an instrument which was lost, and first laid the proper predicate for the introduction of secondary evidence by proof of a thorough unsuccessful search for the note. Dabney v. Keene, Tex.Civ.App., 195 S.W.2d 682; Spencer v. Levy, Tex.Civ. App., 173 S.W. 550; Commonwealth Casualty Co. v. Coogle, Tex.Civ.App., 31 S.W. 2d 362. He then introduced the deed wherein the note was carefully described. That was sufficient proof of the contents of the lost note. Greene v. White, 137 Tex. 361, 153 S.W.2d 575, 136 A.L.R. 626; Kimbro v. Hamilton, 28 Tex. 560; Havard v. Smith, Tex.Civ.App., 13 S.W.2d 743.

The judgment is affirmed.