COMBINED AMERICAN INSURANCE COMPANY, Appellant,

v.

Cooper PARKER et ux., Appellees.

No. 11176.

Court of Civil Appeals of Texas.

Austin.

March 25, 1964.

Rehearing Denied April 15, 1964.

Newman & McCollum, Brady, Brundidge, Fountain, Elliott & Churchill, Dallas, for appellant.

Davee & Davee, Brady, for appellees.

PHILLIPS, Justice.

This is a suit on a contract of insurance.

The facts pertinent to this decision are as follows: On April 6, 1961, Faye Parker, a nurse, hereinafter called appellee, was contacted by one Duncan McCauley who was an insurance agent for the Combined American Insurance Company. The insurance company will be referred to as appellant.

Appellee alleged that she was in the market for a hospitalization policy and that McCauley offered to sell her such a policy. That the policy would pay all doctor and hospital bills plus $100 per week for loss of time. McCauley handed appellee a sample copy of his company's policy which appellee glanced at casually, handed it back to him, agreed to purchase a policy and paid McCauley $14 quarterly payment by check.

Appellee further testified that McCauley told her that she was insured immediately and that he would send her a policy. Appellee never received a policy; however, appellant cashed her check and retained the proceeds.

On July 2, 1961, appellee was stricken with a thrombosis, was confined in the hospital for some five weeks and was confined to her bed thereafter for some three weeks.

On October 2, 1961, appellee wrote appellant inquiring about her policy. In response to this letter, appellant sent another agent to see appellee who informed her that appellant had never received her application for insurance, had never issued her a policy and offered to return the $14 premium that she had paid. Appellee refused to accept the amount of the premium tendered her.

Appellee brought suit against appellant claiming to have had a contract of insurance according to the representations made to her by McCauley, that is, she was entitled under such contract to $702.25 for hospital and doctor bills, $100 for each of the five weeks she was incapacitated plus attorney's fees.

The trial was to the court who rendered judgment for appellee for the $702.25 doctor and hospital bills, $125 based on $100 per month for 1¼ months under the terms of the sample policy. In addition, the court awarded $250 in attorney's fees. There were no findings of fact or conclusions of law. The award of attorney's fees has not been questioned in this Court.

We reverse the judgment of the trial court and remand the case for proceedings in accord with this opinion.

Appellant is before this Court on two points of error. The first point is that there is no evidence that Duncan McCauley had any authority to make a verbal contract of insurance on behalf of appellant, no evidence of apparent authority, and positive evidence that McCauley had no such authority. The second point is that McCauley told appellee that he could not deliver a policy, that one would be mailed, consequently what transpired constituted an offer on the part of appellee, requiring acceptance by appellant, and if any contract arose, it could not be more than an agreement to mail the policy which McCauley had authority to deliver without submission to the company.

Appellant admitted that at the time McCauley contacted appellee, he was authorized by appellant to sell hospitalization, sick or accident insurance policies.

We hold that agent McCauley had the authority to make a contract of insurance with the appellee on the basis of the sample policy that he showed her. Appellee admitted on the stand that she could have read the sample policy if she had cared to; however, that she did not. Agent McCauley could have no more authority from the facts presented us than a recording agent in that, according to the testimony of an officer of the company, their sickness and accident policies were preissued. That when copies of applications were received by the company, the company could then determine whether the policy would be continued in force. As a recording agent, McCauley did

not have any authority to make a contract with appellee other than the one contained in the sample policy. Wyche v. Trinity Universal Insurance Co., Tex.Civ.App., 198 S.W.2d 158. Appellee has not proved any specific authority given McCauley to make the contract alleged. No apparent authority is shown. The sample policies in Mc-Cauley's possession excluded any such authority. McCauley's declarations were not sufficient to establish any authority nor the scope of his authority different from that in the sample policy. Great American Casualty Company v. Eichelberger, Tex.Civ.App., 37 S.W.2d 1050, writ refused.

We further hold that when appellant received appellee's check in payment of the policy it was under a duty to either issue the policy or notify the appellee within a reasonable time that it was refusing to issue the policy and return the amount of the premium. By retaining the premium paid and remaining silent until the appellee had need for the insurance (which was within the time covered by the quarterly premium payment), the appellant is estopped to deny appellee a recovery under the terms of the sample policy. She was led to believe, to her detriment, that she was insured. Commonwealth Casualty Co. v. Coogle, Tex.Civ.App., 31 S.W.2d 362; Perez v. Ft. Worth Mutual Benefit Ass'n., Tex.Civ.App., 291 S.W. 574; 32 A.L.R.2d Sec. 13 at page 508.

We hold that appellee's recovery is limited to the terms contained in the sample policy shown her by appellant's agent. That on a retrial the only facts to be ascertained are those hereinafter set out. Rule 434, Texas Rules of Civil Procedure.

We remand this case to the trial court to determine the length of time appellee was confined to the hospital and the length of time appellee was confined outside the hospital. As we read the sample policy, Section A provides $100 per month for confinement while regularly attended and treated by a physician. Section D of the sample policy triples the amount payable under Section A

while insured is confined to a hospital. Appellee is also entitled to recover reasonable attorney's fees.

The judgment of the trial court is reversed and remanded for trial in accordance with this opinion.

Reversed and remanded.